PELUNIS, APPELLANT, *v.* G.M. & M., D.B.A. INN THE WOODS, APPELLEE.

(No. 44616—Decided November 18, 1982.)

Mr. *Thomas R. Chase,* for appellant.
Mr. *Clarence J. Bartunek,* for appellee.

JACKSON, J. This is an appeal from a decision of the court of common pleas dismissing the appellant's complaint on the ground that the statute of limitations had run.

Appellant A.D. Pelunis was allegedly injured on the premises of the defendant-appellee G.M. & M., a corporation, when he slipped and fell on ice on January 15, 1979. Appellant filed his first complaint (common pleas case No. CV-002361) on August 27, 1979. Appellant attempted to serve the appellee by certified mail, but process was returned to sender by the post office with the legend "Not deliverable as addressed." On February 10, 1981, at a pretrial hearing, the court of common pleas dismissed the appellant's complaint for want of prosecution. No appeal was taken from this dismissal.

Appellant refiled his complaint on June 23, 1981; the second complaint was numbered CV-029223. Service of process was perfected upon defendant-appellee, but the appellee moved to dismiss the complaint on the ground that the two-year period of limitations for negligence actions (R.C. 2305.10) had expired before the second complaint was filed. The court granted this motion, and the appellant took an appeal to this court. While this appeal was pending, the court of common pleas filed a nunc pro tunc entry amending the judgment of February 10, 1981,[1] dismissing the original complaint; the amended entry states that the complaint was dismissed "without prejudice."

Appellant assigns two errors for review.

I

"First Assignment of Error

"The lower court erred in dismissing plaintiff's complaint for the running of the statute of limitations of R.C. Section 2305.10, where defendant corporation did not have corporate existence since June 30, 1980."

The appellant alleges in his brief on appeal, and the appellee concedes, that the appellee's corporate charter was revoked June 30, 1980. Appellant contends that this occurrence tolled the run-

---

[1] Appellant, on October 25, 1982, filed a "motion to amend record" with this court to show an entry in case No. 79-00236 amending the dismissal entry by Judge McGettrick of February 10, 1981 to be without prejudice to further actions. This motion was granted.

ning of the statute of limitations, under the savings clause of R.C. 2305.15, which provides:

"When a cause of action accrues against a person, if he is out of state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, does not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought."

It is not possible for this court to address the merits of the appellant's contention, for the fact of the revocation of the appellee's corporate charter was not brought to the attention of the trial court before the second complaint was dismissed, nor is evidence of this fact included in the record of the proceedings under review.[2] Under *State* v. *Ishmail* (1978), 54 Ohio St. 2d 402 [8 O.O.3d 405], this court is powerless to consider matters outside the record, in reviewing a decision of the lower court. Therefore,

because the statute of limitations had run before the appellant filed his second complaint, the trial court did not err in dismissing the complaint.

Nor is the appellant entitled to relief under the savings clause contained in R.C. 2305.19, which provides in pertinent part:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date. * * *"

A dismissal for want of prosecution is "with prejudice," unless the court expressly states otherwise in its order. Civ. R. 41(B).[3] The trial court, in its order of February 10, 1981, dismissing the first complaint, did not expressly state that the dismissal was without prejudice. Furthermore, we are persuaded that the trial court was without jurisdiction to amend its decision of February 10, 1981, eighteen months later, to provide that the dismissal was without prejudice. The sole

---

[2] The fact of the revocation of appellee's corporate charter was first raised on March 4, 1982, when appellant filed a motion to vacate the court's decision which dismissed his second complaint pursuant to Civ. R. 60 (B). Appellant contended in his motion to vacate that the revocation of the charter constituted "newly discovered evidence" justifying relief from judgment. (Newly discovered evidence constitutes grounds for granting a new trial, under Civ. R. 59.)

This motion was filed after the appellant had appealed the trial court's decision to this court. The evidence attached to said motion does not form a portion of the record on appeal before this court.

[3] Civ. R. 41 (B) provides, in part, as follows:

"(1) Failure to prosecute. Where the

plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

"* * *

"(3) Adjudication on the merits; exception. A dismissal under this subdivision and any dismissal not provided for in this rule, except as provided in subsection (4) of this subdivision, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.

"(4) Failure other than on the merits. A dismissal (a) for lack of jurisdiction over the person or the subject matter, or (b) for failure to join a party under Rule 19 or Rule 19.1 shall operate as a failure otherwise than on the merits."

purpose of the court's nunc pro tunc entry was to revive a cause of action on which the statute of limitations had run, by modifying a prior final order. In general, where a cause of action has become barred by the running of a period of limitations, the defendant acquires a vested right in the bar to the suit. Cf., Annotation, Power of Legislature to Revive a Right of Action Barred by Limitation, 36 A.L.R. 1317; and Annotation, 133 A.L.R. 384. Equally important is that by the time that appellant had the order dismissing the first complaint modified, the second complaint had already been dismissed. The trial court did not err in dismissing the second complaint, for, under the procedural posture of the case as of that date, the appellant was not entitled to take advantage of the savings clause of R.C. 2305.19.

If this court were permitted to conduct a *de novo* proceeding on the appellee's motion to dismiss, and if this court were persuaded that the nunc pro tunc entry modifying the trial court's decision of February 10, 1981, were a proper and valid journal entry, then this court might reach a different result on the appellee's motion to dismiss than did the trial court. However, this court sits as a court of review, to determine whether or not the decisions of lower courts should be sustained. In the case at bar, it is our considered opinion that the court of common pleas committed no error in dismissing the appellant's second complaint for the reason that the statute of limitations had run. The appellant's first assignment of error is not well-taken.

## II

"Second Assignment of Error

"Appellant renews his request that proceedings in this court be remanded for ruling on pending lower court motions."

Appellant requests this court to remand this matter to the trial court, before reaching the merits on appeal, so that the trial court may rule on the motions before it. An identical request (motion No. 56180) was overruled by this court on March 19, 1982. Appellant does not contend that this court lacks jurisdiction to determine this appeal. The renewed request is also denied.

Accordingly, the decision of the trial court is affirmed.

*Judgment affirmed.*

PARRINO, P.J., concurs.

MARKUS, J., concurs in judgment only.