NICOL ET AL., APPELLANTS, *v.* EVER-DRY WATERPROOFING, INC. ET AL., APPELLEES.

(No. 86AP-1029 — Decided May 5, 1987.)

*Robins, Preston & Beckett Co., L.P.A.,* and *John A. Sentz, Jr.,* for appellants Theodore H. Nicol et al.

*Mowery & Youell, Bryan B. Johnson* and *James S. Mowery, Jr.,* for appellees Ever-Dry Waterproofing, Inc. and John Wesolowski.

BOWMAN, J. In May 1986, appellants filed a complaint alleging appellees negligently performed a contract to waterproof their basement, failed to comply with R.C. 1345.21 (home solicitation sales) and improperly filed a mechanic's lien. Appellees filed an answer and a counterclaim in the amount of the contract.

A hearing on a preliminary injunction was held August 22, a status conference was held August 4, a pretrial was set for September 25, and the case was set for trial on October 28, 1986. By agreement, the trial date was continued to November 26, 1986. Leave was granted for motions for summary judgment to be filed and a hearing on all pending motions was set for October 17, 1986. Appellants' counsel failed to appear at the October 17 motions hearing and the hearing was continued to October 22, 1986. On October 22, 1986, the court *sua sponte* dis-

missed appellants' complaint without prejudice as well as dismissing appellees' counterclaim. At the time of the dismissal, the case had been pending for five months and motions for summary judgment and to compel discovery were still pending. The entry of dismissal states in part:

"It appears the plaintiffs will be unable to proceed on the trial date. There is a question of whether plaintiffs' counsel will be a witness requiring him to step aside and plaintiffs want to add another party."

Appellants set forth the following assignment of error:

"The court erred in dismissing this action."

Appellees have not appealed the dismissal of their counterclaim.

In *Schreiner* v. *Karson* (1977), 52 Ohio App. 2d 219, 6 O.O. 3d 237, 369 N.E. 2d 800, the court held a trial judge's dismissal for want of prosecution will not be reversed unless the dismissal constitutes an abuse of discretion. An abuse of discretion implies an unreasonable, arbitrary, or unconscionable attitude by the court. *Klever* v. *Reid Bros. Express, Inc.* (1951), 154 Ohio St. 491, 43 O.O. 429, 96 N.E. 2d 781.

At the time of the dismissal appellants' case had only been pending five months and, with the exception of one hearing where appellants' counsel failed to appear, all continuances were by agreement and for demonstrated good cause. As of October 1986, appellants' discovery was not yet completed as is shown by two outstanding motions to compel discovery. The trial date was over a month away which provided ample time for appellants to secure new counsel if it in fact became necessary for their attorney to appear as a witness. If the trial date could not be continued beyond November 26, the trial court had the alternative of not allowing an amendment to the complaint and requiring appellants to go forward with the allegations originally set forth.

Dismissal, even without prejudice, is a serious sanction not to be applied when other sanctions are available, if in this instance any sanction was even required. Even though appellants presumably could refile their complaint it would necessitate re-employment of counsel, repayment of filing fees and the expense of repeating discovery. This court is not unmindful of the need of a busy trial court such as the Franklin County Court of Common Pleas to manage its docket in an expeditious manner so to avoid unnecessary delays in the disposition of cases. However, as stated in the preface to the Supreme Court Rules of Superintendence for Courts of Common Pleas:

"* * * It is to be remembered that the courts are created not for the convenience or benefit of the judges and lawyers, but to serve the litigants and the interests of the public at large. * * *

"The following rules are designed (1) to expedite the disposition of both criminal and civil cases in the trial courts of this state, while at the same time safeguarding the inalienable rights of litigants to the just processing of their causes * * *."

Nothing in the record suggests that appellants in this case were dilatory or irresponsible in pursuing their cause of action and the court abused its discretion in ordering dismissal of the complaint.

For the foregoing reasons, appellants' assignment of error is sustained and the judgment of the Franklin County Court of Common Pleas is reversed.

*Judgment reversed*
*and cause remanded.*

STRAUSBAUGH, P.J., and WHITESIDE, J., concur.