*Cuyahoga County*
Hon. John T. Patton, C.J., Hon. Ann Dyke,  Hon. John F. Corrigan,
Hon. John V. Corrigan, Hon. Blanche Krupansky,  Hon. David T. Matia,
Hon. Ann McManamon, Hon. Joseph J. Nahra,
Hon. Francis E. Sweeney,

---

## Myers v. Shaker Heights
*[Cite as 4 AOA 249]*

*Case No. 57005 & 58056*
*Cuyahoga County, (8th)*
*Decided June 7, 1990*

*Terry H. Gilbert, Esq., Gordon Friedman, Esq., 2700 Terminal Tower, Cleveland, Ohio 44113, for Plaintiff-Appellee.*

*Alan M. Petrov, Esq., Kathryn A. Kerka, Esq., 1501 Euclid Avenue, Sixth Floor - Bulkley Bldg., Cleveland, Ohio 44115, for Defendants-Appellants.*

DYKE, J.

On July 14, 1988, plaintiff-appellee filed Case No. 113140 accusing defendants-appellants of wrongful discharge, malicious prosecution, false imprisonment, defamation and infliction of emotional distress and violation of plaintiff's constitutional rights.[1] On October 2, 1986, defendants filed their answers and request for discovery. Discovery went unanswered and on December 10, 1986 defendant's filed a motion to compel. On December 23, 1986 the motion to compel was granted without opposition. Plaintiff was ordered to respond by January 5, 1987. On January 14, 1987, the plaintiff served the requested interrogatories on defendant but defendant claimed they were incomplete. Plaintiff made no response to defendants' requests for production of documents. On April 14, 1987 defendants sent a letter to plaintiff's counsel requesting the completion of discovery. On June 26, 1987, in the absence of further discovery from plaintiff, defendants filed a motion to dismiss the case. On August 4, 1987 the motion to dismiss the case was granted without opposition. The trial court's entry simply stated:

"Defendants Motion to Dismiss is Granted."

The trial court's entry did not expressly state that the dismissal was without prejudice. On August 13, 1987 the plaintiff motioned the court to reconsider its ruling. The trial court denied the request. The plaintiff then on September 29, 1987 appealed the trial court's dismissal. Pursuant to App. R. 4(A) we denied the appeal as untimely.

On August 3, 1988 plaintiff filed Case No. 154169 asserting claims against the same defendants. On October 5, 1988 the defendants moved for summary judgment on the basis that plaintiff's claims were barred by the doctrine of *res judicata* and collateral estoppel. Plaintiff responded to this motion by producing an order entered by the trial court in Case No. 113140, dated July 25, 1988, and captioned Judgment Entry Nunc Pro Tunc which "corrected" the August 4, 1987 dismissal entry to reflect that the case had been dismissed without prejudice.[2]

The record reflects that defendants were never served with a copy of the July 25, 1988 Nunc Pro Tunc Judgment Entry. Further, the record does not reflect what chain of events gave rise to the court's July 25, 1988 entry. It is clear that plaintiff never filed a written motion seeking relief under Civ. R. 60 from the August 4, 1987 dismissal.

On November 15, 1988 the defendants filed in Case Number 113140, the original action, a

Motion for Relief from the Judgment Nunc Pro Tunc of July 25, 1988. This motion was overruled by the trial court on December 13, 1988. Defendants separately appeal the trial court's nunc pro tunc entry and the trial court's denial of their request for relief from judgment. The two timely appeals were consolidated for purposes of appeal.

I

In appeal number 58056 defendants have appealed the trial court's nunc pro tunc entry and assign the following errors for review.

"THE TRIAL COURT ERRED IN MODIFY-ING ITS AUGUST 4, 1987 ENTRY DISMISSING THE CASE WITH PREJUDICE TO DISMISS PLAINTIFF'S CASE WITHOUT PREJUDICE.

"THE TRIAL COURT ERRED IN ISSUING A NUNC PRO TUNC ENTRY TO MODIFY ITS PREVIOUS ORDER DISMISSING THE CASE WITH PREJUDICE.

"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN GRANTING RELIEF FROM ITS AUGUST 4, 1987 JUDG-MENT WHERE THE REQUIREMENTS OF CIV. R. 60(B) HAVE NOT BEEN MET."

We will deal with the errors jointly as they commonly assert that the trial court lacked authority to "correct" its journal entry of August 4, 1987, by use of a nunc pro tunc entry. When the trial court dismissed plaintiff's case on August 4, 1987 the entry did not state that the dismissal was without prejudice. A dismissal for want of prosecution is "with prejudice" *unless* the court expressly states otherwise in its order. Civ. R. 41(B); *Pelunis* v. *G.M. & M* (1982), 8 Ohio App. 3d 194; *Ward* v. *Edwards* (September 4, 1986), Cuyahoga App. No. 51115, unreported at p. 3; *Bowshier* v. *Ridenbaugh* (March 22, 1990), Clark County App. No. 2615, unreported.[3] Thus, the trial court's order of August 4, 1987 dismissed the entire case "with prejudice."[4]

The purpose of a nunc pro tunc entry "is restricted to placing upon the record evidence of judicial action which has been actually taken" and "it can be exercised only to supply omissions in the exercise of functions that are *clerical merely.*" *Jacks* v. *Adamson* (1897), 56 Ohio St. 397, 402; "The function of nunc pro tunc *is not to change, modify, or correct* erroneous judgments, but merely to have the record speak the truth. *Ruby* v. *Wolf* (1931), 39 Ohio App. 144 (Emphasis added.); *Dentsply Internatl., Inc.* v. *Kostas* (1985, 26 Ohio App. 3d 116. See, also, *Pepera* v. *Pepera*

(March 26, 1987), Cuyahoga App. Nos 51989, 52024, unreported (A court may not by way of a nunc pro tunc entry, enter of record that which it intended or might have made but which in fact was not made.) The Ohio Supreme Court, in *Helle* v. *Public Utilities Commission* (1928), 118 Ohio St. 434, 439, stated:

"The power to enter a nunc pro tunc order is inherent in courts of justice. This power is necessary in order that the records of a court or other tribunal may be made to speak the truth where a clerical error has intervened." See, also, *State* v. *Breedlove* (1988), 46 Ohio App. 3d 78.

This common law rule giving courts the power to enter nunc pro tunc orders has been codified by Civ. R. 60(A) which reads:

"RULE 60. RELIEF FROM JUDGMENT OR ORDER.

"(A) Clerical Mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court."

The proper application of Civ. R. 60(A) along with a definition of "clerical mistake" can be found in the case of *Dentsply Internatl. Inc., supra* wherein the court stated in its syllabus:

"A court has the power to correct a clerical error pursuant to Civ. R. 60(A). However, this rule is applied to inadvertent clerical errors only, and cannot be used to change something which was deliberately done. Thus, a nunc pro tunc entry made pursuant to Civ. R. 60(A) does not reflect a modification of an erroneous judgment but rather supplies omissions of a clerical nature which serve to have the record speak the truth."

"As used in Civ. R. 60(A) a 'clerical mistake' is a type of mistake or omission mechanical in nature which is apparent on the record and which does not involve a legal decision of judgment by an attorney."

Thus, we must determine whether the trial court was within its powers in making the nunc pro tunc entry of July 25, 1988.

The trial court's July 25, 1988 nunc pro tunc entry completely reversed its ruling of August 4, 1987. The trial court in fact admitted that its entry sought to "correct" the original decree. The effect of the nunc pro tunc entry was to vacate a

judgment which was conclusive as to the rights of the parties and revive a dismissed action thus allowing plaintiff an opportunity to refile his complaint. The nunc pro tunc entry entered by the court constituted a substantial change of the final order entered August 4, 1987 and was far beyond the scope of correcting a clerical mistake as contemplated by Civ. R. 60(A). A trial court is *without jurisdiction* to modify an order dismissing a cause with prejudice to one without prejudice, unless the requirements of Civ. R. 60 are met. See *Pelunis* v. *G.M. & M.* (1982), 8 Ohio App. 3d 194, 195.

Since the trial court did not specify that its original dismissal was without prejudice the order operated as an adjudication upon the merits. Civ. R. 41(B)(3). The trial court, in attempting to "correct" its original dismissal, exceeded its jurisdiction and acted in contradiction to the purpose of a nunc pro tunc order.

Appellant's assignments of errors are well taken.

The nunc pro tunc entry of July 25, 1988 is vacated. Final judgment is rendered for the defendants as to the entry of August 4, 1987. We recognize what appears to be a harsh result. If we were able to review the merits of the July 25, 1988 entry, we may have indeed come to the conclusion that plaintiff's actions were not so negligent, irresponsible or dilatory as to justify a dismissal with prejudice.[5] However, as not timely direct appeal was taken nor was a Motion for Relief from Judgment filed by plaintiff, we are completely unable to review the merits of the dismissal. Furthermore, the case law makes it abundantly clear that the nunc pro tunc entry is void. We regrettably recognize that plaintiff's cause of action will not be able to be reviewed on the merits. We caution the trial courts in the future to recognize the importance of the wording of their dismissals and attorneys in recognizing appealable issues.

## II

In appeal number 57005 defendants have appealed the denial of their motion for relief from judgment of the nunc pro tunc entry filed in Case No. 113140 and assign one error for review:

"THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING DEFENDANTS' MOTION FOR RELIEF FROM JUDGMENT OF JULY 25, 1988."

Defendant claim they met the established standard for granting a Civ. R. 60(B) motion and therefore it was error for the trial court to deny their motion.

Civ. R. 60(B) does not provide for a vacation of a void judgment. The trial court in this instance did not have jurisdiction to rescind its August 4, 1987 order by way of a nunc pro tunc entry. Therefore, the judgment rendered when jurisdiction was not present, i.e., the nunc pro tunc entry of July 25, 1988, is void. See, generally, *Antonopoulos* v. *Eisner* (1972), 30 Ohio App. 2d 187. (Where relief is sought in the trial court from a judgment *not void for want of jurisdiction*, Rule 60 of the Ohio Rules of Civil Procedure provides an exclusive remedy * * *.)

Appeal number 57005 is dismissed. Appellant was unable to request relief pursuant to Civ. R. 60(B) from a void judgment, and thus the record does not contain a final appealable order.

*Reversed and vacated as to Case No. 58056.*
*Dismissed as to Case No 57005.*

PATTON, C.J. and NAHRA, J., concur.

---

[1] The named defendants in the action were The City of Shaker Heights, former Police Chief George J. Lamboy; former Police Chief Peter Gray; Mayor Stephen Alfred; and the Law Department Investigator, Ralph King.

[2] The trial court's Nunc Pro Tunc Entry stated:

"On this 25th day of July, 1988, it appeared to the Court that the within matter was dismissed on August 4, 1987 pursuant to a judgment entry contained in Journal 974, page 922 without any indication as to whether it was with or without prejudice."

The Court finds that the substantial injustice would be done unless the said dismissal is clarified.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the said August 4, 1987 dismissal is corrected, nunc pro tunc to reflect the fact that plaintiff's complaint is dismissed, without prejudice.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the said August 4, 1987 dismissal is corrected nunc pro tunc to reflect the fact that plaintiff shall have one year from August 4, 1987 within which to refile his complaint.

IT IS FURTHER ORDERED ADJUDGED AND DECREED that this Judgment Entry Nunc Pro Tunc shall relate back to August 4, 1987.

[3] Civ. R. 41(B) provides, in part, as follows:

"* * * plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

"* * *

"(3) Adjudication on the merits; exception. A dismissal under this subdivision and any dismissal not provided for in

this rule, except as provided in subsection (4) of this subdivision, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies.

"(4) Failure other than on the merits. A dismissal (a) for lack of jurisdiction over the person or the subject matter, or (b) for failure to join a party under Rule 19 or Rule 19.1 shall operate as a failure otherwise than on the '(1) Failure to prosecute. Where the merits.'"

[4] Plaintiff argues on appeal that the trial court acted properly in correcting the August 4, 1987 journal entry, since the dismissal with prejudice was unwarranted on the facts and would forever bar his claim.

Plaintiff's argument is not well taken. The only issue before this court is whether the nunc pro tunc order is valid. Plaintiff failed to perfect a timely direct appeal of the trial court's dismissal.

We are therefore precluded from addressing the merits of the trial courts August 4, 1987 dismissal. The present case is distinguishable from *Ward* v. *Edwards, supra* where this court reversed the trial court's dismissal with prejudice finding that such dismissal was an abuse of discretion. In *Ward* the appellant had filed a timely direct appeal of the trial court's dismissal and thus this court was able to review the merits of that dismissal.

[5] Compare, *Schreiner* v. *Karson* (1977), 52 Ohio App. 2d 219; *American Housing Corp.* v. *Rhoades* (1981), 1 Ohio App. 3d 130; *Nicol* v. *Ever-Dry Waterproofing, Inc.* (1987), 37 Ohio App. 3d 106.