John Z. DOE, Appellant,

v.

ROMAN CATHOLIC DIOCESE
OF JEFFERSON CITY, et
al., Respondents.

No. 75493.

Supreme Court of Missouri,
En Banc.

Sept. 28, 1993.

James P. Tierney, Cynthia W. Scherb, Kansas City, MO, Louis C. DeFeo, Jr., Jefferson City, Rebecca M. Randles, Sharon R. Lowenstein, Kansas City, for respondents.

Jeffrey R. Anderson, St. Paul, MN, Michael J. Hoare, St. Louis, for appellant.

LIMBAUGH, Judge.

This appeal follows the trial court's dismissal of plaintiff's petition seeking damages for physical and emotional injuries he suffered from being sexually abused as a minor. Because the appeal involves the validity of a state statute, it was transferred from the Court of Appeals, Western District, where it was originally filed, to this Court. *Mo. Const. art. V, § 3.* The sole issue is the constitutionality of the childhood sexual abuse statute, *§ 537.046, RSMo Supp.1992,* to the extent that it authorizes causes of action that are barred under statutes of limitation applicable prior to August 28, 1990, the effective date of the statute. The judgment is affirmed.[1]

According to the petition, filed August 1, 1991, defendant, Father John Whiteley, a Catholic priest, engaged in sexual contact with plaintiff, John Z. Doe, on repeated occasions. The acts of sexual contact allegedly occurred while Doe was a minor and a member of Whiteley's parish. Doe states that he was intimidated into silence because of his trust in Whiteley, his belief that Whiteley was a close family friend, his perception of Whiteley's greater physical strength, and his young age. He also alleges that the abuse caused him to repress the incidents so that he was unable to know or perceive that he was a victim of sexual abuse or that he suffered injuries from that abuse. Doe then states that it was 1987 before he first realized that Whiteley had abused him, and it was not until December of 1989, with the aid of therapy, that he began to make the connection between physical and emotional injuries he suffered and the acts of abuse.

Doe claimed damages against Whiteley under three causes of action: battery, clergy malpractice, and breach of fiduciary duty.[2] Invoking the doctrine of *respondeat superior,* Doe also sued the Roman Catholic Diocese of Jefferson City, Michael McAuliffe, in his capacity as Bishop of the diocese, and St. Pius X Church in Moberly, Whiteley's parish church.

Pursuant to the defendants' motion to dismiss, the trial court entered the following order:

> [T]he Court finds that Section 537.046.2, violates Article One, Section 13, of the Constitution of the State of Missouri; and
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that this cause be, and the same hereby is, dismissed for the reason that this cause is barred by the statute of limitations.

Although the order is not specific, the statute of limitations to which the court refers can only be that which was applicable to Doe's causes of action. There are actually two relevant statutes: for battery, the statute of limitations is two years, *§ 516.140, RSMo 1986;* and for the other tort actions, assuming they are recognized under the law, the statute is five years, *§ 516.120(4), RSMo 1986.* Doe did not appeal the trial court's ruling that the statutes of limitation had expired by the time the petition was filed, and therefore, we do not address the propri-

---

1. The Missouri Association of Trial Attorneys, The Evangelical Children's Home, Masters & Johnson Sexual Trauma Program, St. Louis Psychoanalytic Institute, Sexual Trauma & Recovery, Survivors Network of those Abused by Priests, Center on Education & Family Violence, Metropolitan Organization to Counter Sexual Abuse, the Women's Self–Help Center, Citizens for Missouri's Children, the Rose Brooks Center of Kansas City, Special Assessment Management Clinic of Cardinal Glennon Children's Hospital of St. Louis, Young Women's Christian Associa- . tion of St. Joseph and the Child Abuse Prevention Association have filed an *amicus* brief pursuant to Special Rule 1 of the Missouri rules of civil procedure.

2. Although battery is clearly actionable, Missouri courts have not addressed the propriety of the causes of action for clergy malpractice or the tort of breach of fiduciary duty, at least in the context of childhood sexual assaults.

ety of that ground for dismissal.[3] *Rule 84.-13(a)*.

The trial court considered, in the alternative, whether the action might be brought within the separate statute of limitation found in *§ 537.046*. That statute, enacted in 1990, provides:

1. As used in this section the following terms mean:

(1) "Childhood sexual abuse", any act committed by the defendant against the plaintiff which act occurred when the plaintiff was under the age of eighteen years and which act would have been a violation of section 566.030, 566.040, 566.050, 566.-060, 566.070, 566.080, 566.090, 566.100, 566.110, or 566.120, RSMo, or section 568.-020, RSMo;

(2) "Injury" or "illness", either a physical injury or illness or a psychological injury or illness. A psychological injury or illness need not be accompanied by physical injury or illness.

2. In any civil action for recovery of damages suffered as a result of childhood sexual abuse, the time for commencement of the action shall be within five years of the date the plaintiff attains the age of eighteen or within three years of the date the plaintiff discovers or reasonably should have discovered that the injury or illness was caused by child sexual abuse, whichever later occurs.

3. This section shall apply to any action commenced on or after August 28, 1990, *including any action which would have been barred by the application of the statute of limitation applicable prior to that date.* (Emphasis added).

The parties do not contest that Whiteley's acts would have violated one or more of the statutes listed in subsection *1(1)* or that the case was timely filed under the separate limitation period in subsection *2*. Their dispute centers, instead, on the constitutionality of subsection *3*, which authorizes the actions even though they would have been barred by the statutes of limitation applicable prior to the effective date of *§ 537.046*. As noted, the trial court resolved that question by finding that the statute violates *article I, section 13*, of the Missouri Constitution,[4] and it is from that ruling that Doe appeals the dismissal of his case.[5]

■ We begin our review of the trial court's ruling with the recognition that the statute is presumed to be valid and will not be declared unconstitutional unless it clearly contravenes some constitutional provision. *Lester v. Sayles*, 850 S.W.2d 858, 872 (Mo. banc 1993).

■ *Article I, section 13*, prohibits the enactment of any law that is "retrospective in its operation."[6] Retrospective laws are generally defined as laws which "take away or impair rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already past." *Lucas v. Murphy*, 348 Mo. 1078, 156 S.W.2d 686, 690 (1941), as expressed by Justice Story in *Society for Propagation of Gospel v. Wheeler*, 22 F.Cas. 756 (C.C.D.N.H.1814) (No. 13, 156); *Dept. of Social Services v.*

---

3. Footnote 1 to Doe's brief states, "John Z. Doe disputes that the statutes of limitation which were originally applicable to his claim are time barred. That issue is not, however, pertinent to this appeal. Accordingly, it is not addressed in this memorandum."

4. Although the trial court ruled that subsection *2* of *§ 537.046* was unconstitutional, it is not unconstitutional on its face. Only when that subsection is read in conjunction with subsection *3* does a constitutional question arise.

5. Doe's Points Relied On are woefully insufficient under Rule 84.04. He states:
   I. MO.STAT. § 537.046 IS PRESUMED CONSTITUTIONAL.
   II. MO.STAT. § 537.046 IS PURELY PROCEDURAL AND THUS MAY BE APPLIED RETROACTIVELY.
   III. LAWS ACROSS THE COUNTRY SUPPORT THE RETROACTIVE APPLICATION OF MO.STAT. § 537.046.
   Nevertheless, we will gratuitously address Doe's contentions to the extent that we can glean them from the briefs.

6. The full text of *article I, section 13*, provides:
   That no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted.

*Villa Capri Homes, Inc.*, 684 S.W.2d 327, 332 (Mo. banc 1985).

Doe suggests there are "two recognized exceptions to the rule that a statute shall not be applied retrospectively: (1) where the legislature manifests a clear intent that it do so, and (2) where the statute is procedural only and does not affect any substantive right of parties."

■ Doe derives the first "exception" from a statement in *State ex rel. St. Louis–San Francisco Ry. Co. v. Buder*, 515 S.W.2d 409 (Mo. banc 1974), that has since been clarified by this Court in *Dept. of Social Services v. Villa Capri Homes, Inc.*, 684 S.W.2d 327 (Mo. banc 1985). In *Villa Capri*, the Department of Social Services contended that if there is a clear legislative intent that a statute apply retrospectively, then there is an exception to the bar against retrospective laws. The Court responded:

Such is not the case; the legislative intent is pertinent only to the construction of the statute and whether the presumption against retroactivity should not apply. This was our holding in *Lincoln Credit Co. v. Peach*, [636 S.W.2d 31 (Mo. banc 1982) ], and was intended by our holding in *State ex rel. St. Louis–San Francisco Ry. Co. v. Buder*, 515 S.W.2d 409 (Mo. banc 1974).

*Villa Capri*, 684 S.W.2d at 332, n. 5. Regardless of legislative intent, it should be obvious that a statute cannot supercede a constitutional provision.

■ We address Doe's second "exception," with the preliminary observation that the long-held notion that statutes of limitation are procedural and not substantive is the cause of much confusion. The distinction is critical because the bar against retrospective legislation has traditionally been applied only to substantive laws. Generally, substantive laws are those that relate to the rights and duties giving rise to a cause of action; proce-

dural laws relate to the machinery for processing the cause of action. *Wilkes v. Missouri Highway and Transportation Commission*, 762 S.W.2d 27, 28 (Mo. banc 1988).

In support of the second exception, Doe cites *Longhibler v. State*, 832 S.W.2d 908 (Mo. banc 1992), and *State v. Casaretto*, 818 S.W.2d 313 (Mo.App.1991). Both cases involved the retroactive application of statutes of limitation that extended the time period in which a prosecution could be brought, even though the statutes were enacted after the offenses occurred. In upholding the constitutionality of the new statutes of limitation, the courts noted that the statutes were procedural in nature and did not affect the substantive rights of the defendant.

*Longhibler* and *Casaretto* are distinguishable from this case. The statutes of limitation in those cases, unlike those in the case at bar, were enacted *prior* to the expiration of the statute of limitations in effect at the time the offenses were committed. Until that time, the defendants had no vested rights to the original statutes of limitation because the requisite time period had not yet run.

■ This Court has held that once the original statute of limitation expires and bars the plaintiff's action, the defendant has acquired a vested right to be free from suit, a right that is substantive in nature, and therefore, *article I, section 13*, prohibits the legislative revival of the cause of action. *Uber v. Missouri Pacific R.R. Co.*, 441 S.W.2d 682 (Mo.1969); *see also Wentz v. Price Candy Co.*, 352 Mo. 1; 175 S.W.2d 852 (1943); *State ex rel. Research Medical Center v. Peters*, 631 S.W.2d 938 (Mo.App.1982). Moreover, this appears to be the majority view among jurisdictions with constitutional provisions similar to *article I, section 13*.[7] We see no reason to depart from our precedent.

Alternatively, Doe cites *Liebig v. Superior Court*, 209 Cal.App.3d 828, 257 Cal.Rptr. 574 (1989), for the proposition that the right to

---

7. *See, e.g., Jefferson County Dept. of Social Servs. v. D.A.G.*, 199 Colo. 315, 607 P.2d 1004 (1980); *Willard v. Harvey*, 24 N.H. 344 (1852); *Gould v. Concord Hosp.*, 126 N.H. 405, 493 A.2d 1193 (1985); *Pelunis v. G.M. & M., d.b.a. Inn the Woods*, 8 Ohio App.3d 194, 456 N.E.2d 1232 (Ohio Ct.App.1982); *Mellinger v. City of Houston*, 68 Tex. 37, 3 S.W. 249 (1887); *Brantley v. Phoe-*

*nix Ins. Co.*, 536 S.W.2d 72 (Tex.Civ.App.1976). *Contra Canton Textile Mills, Inc. v. Lathem*, 253 Ga. 102, 317 S.E.2d 189, *cert. denied*, 469 U.S. 918, 105 S.Ct. 296, 83 L.Ed.2d 231 (1984); *see also Clay v. Johns–Manville Sales Corp.*, 722 F.2d 1289 (6th Cir.1983), *cert. denied*, 467 U.S. 1253, 104 S.Ct. 3537, 82 L.Ed.2d 842 (1984) (interpreting Tennessee law).

be free from suit vests only on the expiration of a limitations period that is included as part of a statutory cause of action as opposed to a common law cause of action.[8] The rationale of *Liebig* is that statutes of limitation that are integral components of statutory causes of action are limitations on liability and therefore substantive in nature. On the other hand, *Liebig* holds that statutes of limitation applicable to common law actions are merely limitations on the remedy, and therefore procedural. Doe adds that the *Uber* case involved a statute of limitation applicable to an action for wrongful death, a statutory cause of action.

■ Our holding in *Uber*, however, did not distinguish between statutes of limitation pertaining to statutory actions and those pertaining to common law actions, and we find no reason to do so. To say that one is substantive and the other procedural is to ignore the fact that both have the same effect. Whether they are incorporated in the text of a statute that sets out a particular cause of action or whether they are stated independently, both preclude the filing of suit at the expiration of the specified time. Therefore, the benefit of a statute of limitation should be afforded no less in one instance than the other.

■ In conclusion, we hold that the expiration of the two-year statute of limitations for battery and the five-year statute of limitation for the two other tort actions created a vested right in favor of the defendants to be free from suit. Therefore, to the extent that *§ 537.046* authorizes causes of action that would have been barred under these or other statutes of limitation, it clearly contravenes the constitutional prohibition against retrospective laws.

The judgment is affirmed.

HOLSTEIN, THOMAS, JJ. and CRAHAN, Sp. J., concur.

BENTON, J., dissents in separate opinion filed.

COVINGTON, C.J., and ROBERTSON, J., concur in opinion of BENTON, J.

PRICE, J., not sitting.

BENTON, Judge, dissenting.

The circuit court dismissed plaintiff's petition for damages he allegedly suffered from sexual abuse while a minor. Because the validity of a state statute is at issue, this case was transferred from the Court of Appeals, Western District.

Appellant presented three points relied on to this Court, which are in total:

I. MO.STAT. § 537.046 IS PRESUMED CONSTITUTIONAL.

II. MO.STAT. § 537.046 IS PURELY PROCEDURAL AND THUS MAY BE APPLIED RETROACTIVELY.

III. LAWS ACROSS THE COUNTRY SUPPORT THE RETROACTIVE APPLICATION OF MO.STAT. § 537.046.

The points relied on are woefully insufficient. The governing standard is Rule 84.-04(d):

> The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous.... Setting out only abstract statements of law without showing how

---

8. *See also Roberts v. Caton*, 224 Conn. 483, 619 A.2d 844 (Conn.1993); *K.E. v. Hoffman*, 452 N.W.2d 509 (Minn.App.1990); *but see Starnes v. Cayouette*, 244 Va. 202, 419 S.E.2d 669 (1992).

The argument for making a distinction between statutory and common law actions for purposes of whether the expiration of a statute of limitations creates a vested right in the defendant arises out of United States Supreme Court cases that addressed that question in a due process analysis. In *Campbell v. Holt*, 115 U.S. 620, 6 S.Ct. 209, 29 L.Ed. 483 (1885), the Court held that there is no vested right in the expiration of a statute of limitation unless a legislative act that removed the bar of the statute would deprive one of property. In *William Danzer & Co. v. Gulf & S.I.R. Co.*, 268 U.S. 633, 45 S.Ct. 612, 69 L.Ed. 1126 (1925), the Court, distinguishing *Holt*, stated that where the limitation constitutes a part of the definition of a cause of action, it is a limitation on liability, rather than a limitation on remedy. Revival of a cause of action that serves to revive a liability, rather than a remedy, violates due process. *See also Chase Securities Corp. v. Donaldson*, 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628, *reh'g denied* 325 U.S. 896, 65 S.Ct. 1561, 89 L.Ed. 2006 (1945).

they are related to any action or ruling of the trial court is not in compliance with this rule.

In this case, the points relied on do not attempt to identify any actions or rulings of the trial court. In a landmark case, this Court refused to review points that did, at least, include the opening phrase "the court erred in ...". *Thummel v. King*, 570 S.W.2d 679, 684 (Mo. banc 1978). Plaintiff here fails this elementary test, which is required to preserve a question for review. *Id.*

More seriously, the points relied on fail to specify wherein and why the ruling of the trial court was erroneous. This is the most common source of error in appellate briefing. *Thummel v. King*, 570 S.W.2d at 685, citing Weier & Fairbank, *Why Write a Defective Brief?*, 33 J.Mo.Bar 79, 88–91 (1977). Plaintiff's points relied on do not attempt compliance with this part of Rule 84.04(d).

Plaintiff's points relied on are abstract statements of law that do not demonstrate how they are related to any action or ruling of the court. Plaintiff's points are thus not in compliance with Rule 84.04(d), by its very terms.

Cases should be heard on the merits if possible, construing the court rules liberally to allow an appeal to proceed. *Sherrill v. Wilson*, 653 S.W.2d 661, 663 (Mo. banc 1983). While not condoning non-compliance with the rules, a court will generally, as a matter of discretion, review on the merits where disposition is not hampered by the rule violations. *Thummel v. King*, 570 S.W.2d at 690.

This Court has, in past cases, searched the argument portion of the brief in order to determine the contentions asserted. *Thummel v. King*, 570 S.W.2d at 686; *Brown v. Hamid*, 856 S.W.2d 51 (Mo. banc 1993). In this case, an examination of the briefs and legal file does not clarify plaintiff's position. For example, in his opening brief, plaintiff states plainly:

> John Z. Doe [plaintiff] disputes that the statutes of limitation which were originally applicable to his claim are time-barred. That issue is not, however, pertinent to this appeal. Accordingly it is not addressed in this memorandum [sic].

Then, in his reply brief, plaintiff asserts as a point relied on:

> I. THE TRIAL COURT ERRED IN RULING THAT MO.STAT. § 537.046.2 VIOLATES ARTICLE I, § 13 OF THE MISSOURI CONSTITUTION.
>
> . . . .
>
> B. The General Statutes of Limitation Did Not Expire Until After John Doe Commenced This Cause of Action, Thus, Respondents Never Acquired Vested Rights.

The reply brief directly contradicts the opening brief.

This case demonstrates the "threshold function" of points relied on:

> ... to give notice to the party opponent to the precise matters which must be contended with and answered. *Thummel v. King*, 570 S.W.2d at 686.

Inadequate points create a root problem: this Court may interpret a contention differently than does the opponent or differently than was intended by the party asserting the contention. *Id.*

At stake in this case is the constitutionality of a statute adopted by the General Assembly and approved by the Governor. This Court should step carefully when considering the constitutionality of statutes. Courts should avoid considering constitutional issues unless clearly presented. In the face of wholly inadequate briefing by the appellant, this Court should not reach out to address the constitutionality of a statute. I believe that the appeal should be dismissed.