v.

**N.S.B., a minor, by P.M.B., next friend and P.M.B., individually, Respondents–Petitioners.**

**No. 73760.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 27, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 28, 1998.

Lewis, Rice & Fingersh, L.C., Ronald A. Norwood, St. Louis, for appellant.

Patricia M. Kelly, Asst. Pros. Atty., St. Charles, for respondent.

KAROHL, Judge.

V.B. appeals judgment and decree of paternity. After a bench trial the court made extensive findings of fact. It found and ruled V.B. is the natural father of N.S.B. [Child] who was born to petitioner P.M.B. [Mother]

on December 27, 1993. The judgment of paternity was supported by the testimony of Mother and two separate paternity tests. The court awarded primary care, custody, and control to Mother and granted extensive temporary custody to V.B. [Father]. It awarded child support after finding that Form 14 was unjust and inappropriate for failure to take into consideration uncovered medical expenses. It ordered child support retroactive to the date of service of the petition but allowed credit for payments made to the date of judgment.

Father's first point on appeal is the court erred in refusing to allow a jury trial. He filed an Answer on February 9, 1996 and a request for a jury trial on March 8, 1996. Former section 210.839.4 RSMo 1994 granted "any party ... a right to trial by jury .... [if] a request for a trial by jury shall be made within ninety days of the first responsive pleading." That section also required a jury trial within 270 days of the order granting the request for trial by jury. Prior to trial on December 15, 1997 the court entered an order which denied Father's request for a jury trial "pursuant to the provisions of the Uniform Parentage Act enacted in 1997." Section 210.839.4 was amended, effective July 1, 1997, to provide "No party shall have a right to trial by jury."

Father argues the revised version of the section in the statute deprives him of a right to a jury trial, the statute is unconstitutional and violates Article I, Section 13 of the Missouri Constitution because it is an ex post facto law if applied to deny him of a right to a jury trial previously granted by statute. The response by Mother and Child is, the statute is procedural and did not deny Father any rights or privileges, thus he was not disadvantaged by retrospective application of the 1997 amendment. Article I, Section 13 prohibits an ex post facto law which has retrospective application in its operation.

Former section 210.839.4 RSMo 1994 purports to grant a "right." However, the statute defines a procedural event. The law considers rights claimed and corresponding duties breached. Where there is a corresponding duty, protection of such rights may

not be taken by change in rule or statute that has retrospective application. Article I, Section 13 Missouri Constitution. However, statutes and rules occasionally refer to the term "right" when providing a procedure for resolving a dispute which involves a plaintiff's right and a defendant's breach of duty. Supreme Court rules grant "rights" to discovery or to proceed first in the presentation of evidence or last in closing argument. In this sense, the "right" exists for a party without a corresponding duty of another party. In such cases the use of the term is unnecessary. The former provision of the statute would have the same meaning if it had provided "A jury shall resolve any disputed issue of paternity." Thus, the statute used the word "right" but did not create a personal or property interest which others had a corresponding duty not to offend.

Father relies on *Doe v. Roman Catholic Diocese*, 862 S.W.2d 338 (Mo. banc 1993). The court there found that an expired statute of limitations created a right to be free of suit, a right that is substantive in nature. It held that an amended statute that authorized a cause of action that would otherwise have been barred under the former statute is unconstitutional as a violation of the constitutional prohibition against retrospective laws. The reliance on the *Doe* decision is misplaced. In that case the court observed "generally, substantive laws are those that relate to the rights and duties giving rise to a cause of action; procedural laws relate to the machinery for processing the cause of action." *Id.* at 341. The expired statute of limitations, by operation of constitutional law, provided an absolute defense. In the present case the provision for or prohibition against a jury trial does not lessen Mother's and Child's burden of proof of the unchanged cause of action or withdraw any legal defense to the cause of action. The tender or withdrawal of a jury to resolve the dispute on the issue of paternity does not grant or impair any personal or property right or impose any new duty on defendant. We conclude and hold that the trial court did not err in rejecting a jury trial on the issue of paternity.

Father also argues Mother and Child failed to meet their burden of proof by the preponderance of the evidence that he was the natural father of Child. He observes and argues there was no expert testimony that established to a reasonable degree of medical certainty or scientific certainty that he was the natural father. He also argues under this point that the court erred accepting a paternity test which was offered to exclude the possibility that another individual could have been the father. Mother's testimony would have supported a finding of an alternative natural father.

■ We find that section 210.834.5 RSMo Cum.Supp.1997 expressly allows admission of a report without testimony of an expert under the existing facts. It provides, in part:

without the need for foundation testimony or other proof of authenticity or accuracy, *unless* a written motion containing specific factual allegations challenging the testing procedures, the chain of custody of the blood or tissue specimens, or the results has been filed and served on each party, and the motion is sustained by the court.

In this case the test results which supported a conclusion of paternity were admissible. One of the tests was performed by an agency on order of the court and another at the request of Father. The results of the two tests were timely filed with the court and no motion was filed by Father questioning their validity in any manner. The results were substantially the same.

Nor did the court err in admitting the test results excluding R.C. as the natural father. Mother testified that R.C. may have been the father of Child. A blood test concluded R.C. could not have fathered Child. That test was timely filed with the court and no motion was filed to question its validity. The result of that test was relevant. Section 210.834.4 RSMo Cum.Supp.1997 provides that "such evidence shall be conclusive of non-paternity and the court shall dismiss the action as to that party." The second point is denied.

■ In the alternative, Father argues the court erred in entering a support order in an amount contrary to Form 14 "because the undisputed evidence established that at the time of the trial, [Father] had changed jobs and that his new job would be paying sub-

stantially less money." This point is controlled by our decision in *Holmes v. Holmes*, 878 S.W.2d 906, 909 (Mo.App. E.D.1994). Father voluntarily changed jobs. He reduced his income solely as a matter of choice. On these facts we find no manifest abuse of discretion in the award based upon the demonstrated earning capacity which was supported by undisputed evidence. *Id.* at 909.

We affirm.

ROBERT G. DOWD, Jr., C.J. and CHARLES B. BLACKMAR, Senior Judge, concur.