**Interest of J.A.J., J.A.M.J., and S.J.J.**

**Donna Jennings, Appellant,**

**v.**

**Missouri Division of Family Services, Respondent.**

**No. ED 80313.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 21, 2002.

Application for Transfer to Supreme Court Denied July 23, 2002.

Application for Transfer Denied Aug. 27, 2002.

Edward Berg, Columbia, MO, for appellant.

Teresa Rieger Housholder, Dept. of Social Services, Division of Legal Services, Jefferson City, MO, for respondent.

LAWRENCE G. CRAHAN, Judge.

Donna Jennings ("Mother") appeals the judgment terminating her parental rights to three minor children. Mother's sole contention on appeal is that the trial court lacked subject matter jurisdiction to terminate her parental rights because the petition was filed by an attorney for the Division of Family Services rather than the juvenile officer involved in the case. We affirm.

Mother's contention is based on an alleged conflict between Rule 121.01 and section 211.447.2 RSMo 2000. Rule 121.01 provides:

If a petition is filed by the juvenile officer pursuant to section 211.447, RSMo, and if the court finds after the hearing held pursuant to section 211.477, RSMo, that termination is in the best interest of the juvenile and that the statutory conditions for termination exist, the court may terminate the rights of a parent to a juvenile.

Section 211.447.2 provides in pertinent part:

2. Except as provided for in subsection 3 of this section, a petition to terminate the parental rights of the child's parent or parents shall be filed by the juvenile officer or the division, or if such a petition has been filed by another party, the juvenile officer or the division shall seek to be joined as a party to the petition, when: ...

Mother reasons that because the rule only provides for filings by the juvenile officer, whereas the statute provides for filing by the juvenile officer, the division or another party, the rule and the statute are in conflict. Characterizing the rule as procedural, Mother urges that the rule takes precedence pursuant to Article 5, Section 5 of the Missouri Constitution. That section provides:

5. Rule of practice and procedure-duty of supreme court-power of legislature
The supreme court may establish rules relating to practice, procedure and pleading for all courts and administrative tribunals, which shall have the force and effect of law. The rules shall not change substantive rights, or the law relating to evidence, the oral examination of witnesses, juries, the right of trial by jury, or the right of appeal. The court shall publish the rules and fix the day on which they take effect, but no rule shall take effect before six months after its publication. Any rule may be annulled or amended in whole or in part by a law limited to the purpose.

Contrary to Mother's contention, we find nothing in Rule 121.01 which purports to preclude anyone other than the juvenile officer from filing a petition to terminate parental rights. Thus, there is no conflict between the rule and the statute. Even if there were a conflict, the right to bring suit is clearly substantive, not procedural. See *Doe v. Roman Catholic Diocese of Jefferson City*, 862 S.W.2d 338, 341 (Mo. banc 1993). Therefore, the statute is controlling in the event of any conflict.

Judgment affirmed.

SHERRI B. SULLIVAN, P.J., and LAWRENCE E. MOONEY, J., Concur.