

# In the
# Missouri Court of Appeals
## Western District

| | |
|---|---|
| RICKEY E. FERDINAND,<br><br>        **Appellant,**<br><br>v.<br><br>STATE OF MISSOURI,<br><br>        **Respondent.** | **WD77943**<br><br>**OPINION FILED:**<br><br>**FEBRUARY 2, 2016** |

**Appeal from the Circuit Court of Jackson County, Missouri**
**The Honorable Susan Margene Burnett, Judge**

**Before Division One: Anthony Rex Gabbert, P.J., Victor C. Howard, and Cynthia Martin,**

**JJ.**

Rickey Ferdinand appeals the motion court's decision to deny his Rule 29.15 motion following his conviction for forcible rape. Ferdinand raises four claims on appeal, all of which stem from his underlying contention that the State brought the forcible rape charge against him in an untimely manner. Point I alleges that the trial court lacked jurisdiction to enter judgment against him because the statute of limitations had run on the forcible rape charge; Point II alleges that trial counsel was ineffective for advising him to waive the statute of limitations issue; Point III alleges that the State committed prosecutorial misconduct by knowingly prosecuting him in violation of the statute of limitations; and Point IV alleges that appellate counsel was ineffective for failing to raise a statute of limitations violation on direct appeal.

Upon review, we find that the State's charges were brought in a timely manner given several subsequent amendments made to the relevant statutory provisions. Accordingly, we affirm the motion court's judgment.

**Facts & Background**

On March 18, 1993, Appellant Rickey Ferdinand entered a home in Kansas City and had sexual intercourse with C.G., a fifteen-year-old girl, without her consent and by use of forcible compulsion. Ferdinand was subsequently arrested and C.G. provided vaginal swabs for examination by the Kansas City Police Department Crime Laboratory ("Crime Lab"). C.G. also made several statements to the police identifying Ferdinand as the perpetrator.

On August 19, 1993, the State indicted Ferdinand for forcible rape under § 566.030, RSMo Supp. 1990, or, in the alternative, first degree sexual assault under § 566.040, RSMo Supp. 1986. On August 20, 1993, a chemist at the Crime Lab tested the DNA samples provided by C.G. but was unable to reach a conclusive result as to her attacker's identity due to the inadequate DNA testing equipment of the time. Remaining untested DNA material was stored at the Crime Lab in case of possible future testing. On March 28, 1994, the State dismissed its case against Ferdinand due to a lack of definitive DNA evidence linking him to the crime.

On April 11, 1994, the State re-indicted Ferdinand for forcible rape under § 566.030, RSMo Supp. 1990, or, in the alternative, first degree sexual assault under § 566.040, RSMo Supp. 1986. The State's primary evidence at this time was the testimony of C.G. identifying Ferdinand as her attacker. The State again dismissed the case due to lack of conclusive DNA evidence proving that Ferdinand was the perpetrator beyond a reasonable doubt.

In 2009, the Crime Lab retested C.G.'s DNA samples due to technological improvements in DNA testing technology. This test definitively identified Ferdinand as the source of the semen

2

in C.G.'s vaginal swab. On May 28, 2010, the State indicted Ferdinand with forcible rape with a weapon under § 566.030, RSMo Supp. 1990 and first degree sexual assault under § 566.040, RSMo Supp. 1986. The State also charged Ferdinand as a prior and persistent sexual offender under §§ 557.036, 558.016, and 558.018, RSMo Supp. 1990.

On January 11, 2011, Ferdinand filed a motion to dismiss the rape charge with prejudice, arguing that the statute of limitations for that charge had run. His motion also made due process and right to a speedy trial claims. Regarding the statute of limitations argument, Ferdinand contended that the original charges filed against him in 1993 and 1994 did not allege that he displayed a dangerous instrument in committing the rape, making the charge an undefined felony carrying a limitations period of three years from the commission of the offense.

In response, the State argued that because C.G. was under the age of seventeen at the time of the crime, the crime was governed by the statute of limitations in Section 556.037 rather than Section 556.036 (as Ferdinand asserted). As Section 556.037 existed in 1993 and 1994, the limitations period for rape of someone age seventeen or under was ten years after the commission of the offense—a period which would have run by the time of the 2010 indictment. However, the limitations period found in 556.037 had been extended even further by statutory amendments in 1997 and 2004; the State argued that those extensions applied retroactively, bringing the indictment well within the applicable limitations period. A hearing on Ferdinand's motion was held on February 9, 2011 and the trial court denied his motion.

Before trial, the trial court granted the State leave to file an Amended Information in Lieu of Indictment. The Amended Information alleged that Ferdinand committed forcible rape, but dropped the allegations that he was a prior and persistent sexual offender. It also dropped the allegations that Ferdinand committed forcible rape with a weapon. Also before trial, Ferdinand

3

testified that he waived his right to a jury trial in favor of a bench trial, and that he waived his right to appeal the statute of limitations claim in exchange for the amendment of charges. Ferdinand was found guilty and was sentenced to seven years' imprisonment.

Ferdinand timely filed a notice of appeal arguing that the trial court erred in denying his motion to dismiss based on violations of his right to due process and speedy trial. *State v. Ferdinand*, 371 S.W.3d 844, 850 (Mo. App. W.D. 2012). This Court concluded that the trial court did not abuse its discretion in denying the motions to dismiss. *Id.* at 858. The Court noted parenthetically that Ferdinand was not raising on appeal the denial of the motion to dismiss on statute of limitations grounds. *Id.* at 847 n. 2. This Court affirmed his conviction on May 15, 2012 and the mandate issued on August 16, 2012.

On October 12, 2012, Ferdinand timely filed a *pro se* Rule 29.15(b) motion to vacate, set aside or correct the judgment or sentence. On June 24, 2013, appointed counsel filed an amended Rule 29.15(g) motion. On appeal, Ferdinand argued that the trial court was without jurisdiction to enter judgment on the forcible rape charge because the statute of limitations had run on that crime. He also contended that the State committed prosecutorial misconduct by pursuing this charge after the statute of limitations had run. Additionally, Ferdinand contended that his trial and appellate counsel had been ineffective by, respectively, advising him to waive his right to assert a statute of limitations violation and by failing to brief a claim based on this error on direct appeal. The motion court held an evidentiary hearing on April 25, 2014 and denied Ferdinand relief on August 4, 2014. He timely filed a notice of this appeal on September 15, 2014.

**Standard of Review**

4

Our review of a motion court's decision in Rule 29.15 proceedings is limited to determining whether the motion court's findings and conclusions are clearly erroneous.  Rule 29.15(k).  We presume the motion court's findings are correct and only find its judgment to be clearly erroneous if we are "left with a definite and firm impression that a mistake has been made."  *Johnson v. State*, 406 S.W.3d 892, 898 (Mo. banc 2013) (internal quotation omitted).

**Analysis**

Ferdinand raises four claims on appeal, all of which stem from his underlying contention that the State brought the forcible rape charge against him in an untimely manner.  Point I alleges that the trial court lacked jurisdiction to enter judgment against him[1] because the statute of limitations had run on the forcible rape charge; Point II alleges that trial counsel was ineffective for advising him to waive the statute of limitations issue; Point III alleges that the State committed prosecutorial misconduct by knowingly prosecuting him in violation of the statute of limitations; and Point IV alleges that appellate counsel was ineffective for failing to raise a statute of limitations violation on direct appeal.[2]

Upon review, we find that the State's charges were brought in a timely manner given several subsequent amendments made to the relevant statutory provisions.  Accordingly, we affirm the motion court's judgment.

---

[1] Although Ferdinand suggests that the trial court would lack *jurisdiction* to try him for forcible rape if the statute of limitations had expired, it does not appear that the statute of limitations limits the trial court's *jurisdiction*; instead, even in a criminal case, it appears that the statute of limitations is "an affirmative defense that can be waived by the defendant" and is "non-jurisdictional."  *Longhibler v. State*, 832 S.W.2d 908, 911 (Mo. banc 1992); *see also State v. Cotton*, 295 S.W.3d 487, 489-91 (Mo. App. E.D. 2009).

[2] We have some question whether Ferdinand is barred from raising certain of his arguments in this post-conviction proceeding—namely, Points I and III—because those issues arguably could have been raised in a direct appeal of Ferdinand's conviction.  *See*, *e.g.*, *Hill v. State*, 467 S.W.3d 818, 823 (Mo. App. S.D. 2015); *Bracken v. State*, 453 S.W.3d 866, 874 (Mo. App. E.D. 2015).  However, because we can affirm the denial of post-conviction relief to Ferdinand on other grounds, we need not resolve this issue.

## I. Which Statute of Limitations Section Applies?

The forcible rape in this case occurred on March 18, 1993 when the victim, C.G., was fifteen years old. Under Section 556.037, RSMo Supp. 1990, prosecutions for unlawful sexual offenses involving a person age seventeen or younger were limited to within ten years after the commission of the offense. This prior version of Section 556.037 applied when the victim was of the relevant age and made no distinction between undefined felonies and class A felonies.[3] Because C.G. was under age seventeen at the time of Ferdinand's offense, and because forcible rape is an unlawful sexual offense,[4] the statute of limitations applicable to Ferdinand's charge was that outlined in Section 556.037 and not either of the limitation periods found in Section 556.036.

## II. Were Charges Brought Within Pendency of the Limitations Period?

As a general rule, statutes of limitation are considered procedural in nature. *State v. Casaretto*, 818 S.W.2d 313, 316 (Mo. App. E.D. 1991). The constitutional bar against retrospective legislation has traditionally not been applied to procedural laws and as such, statutes of limitation may be applied retroactively.[5] *Id.* at 316-17. *See also Doe v. Roman Catholic Dioceses of Jefferson City*, 862 S.W.2d 338, 341 (Mo. banc 1993). However, once a statute of limitations period has expired, the defendant acquires a substantive, vested right to be

---

[3] Ferdinand argues at length that the forcible rape statute, Section 566.030, distinguishes between the undefined felony of rape without a weapon versus the class A felony of rape with a weapon. This distinction was important under the prior version of Section 556.036, the general statute of limitations provision for criminal offenses. However, because Section 556.037 explicitly provides the limitations period for unlawful sexual offenses involving victims under age seventeen (and, later, victims under age eighteen), Ferdinand's argument on this distinction is irrelevant to our analysis.

[4] The crime of first degree rape, *i.e.*, forcible rape, is found in Chapter 566, "Sexual Offenses."

[5] Ferdinand argues that the later amendments to the statute of limitations violate the prohibition on a law "retrospective in its operation" in article I, section 13 of the Missouri Constitution. In *State v. Honeycutt*, 421 S.W.3d 410 (Mo. banc 2013), the Missouri Supreme Court held, however, that "the phrase law 'retrospective in its operation' does not apply to criminal laws." *Id.* at 423. Without deciding whether the prohibition on retrospective laws applies here, Ferdinand's claim under article I, section 13 is without merit for the reasons explained in the text.

free from suit upon the relevant cause of action. *Doe*, 862 S.W.2d at 341. One exception to these general principles applies when a statute is amended prior to the expiration of the original limitations period. *Id.* In that case, a new limitations period set forth in the amended statute applies to the original cause of action. *Id. See also Longhibler v. State*, 832 S.W.2d 908, 909-10 (Mo. banc 1992).

The relevant statute of limitations here, Section 556.037, has twice been amended to extend the limitations period since commission of Ferdinand's charged offense. Under the 1993 version of 556.037, the limitations period for the forcible rape of C.G. was ten years after commission of the charged offense, making the statute of limitations for Ferdinand's crime March 17, 2003. In 1997—well before the initial statute of limitations had run—Section 556.037 was amended to change the relevant age of victim from seventeen to eighteen. This amendment required the commencement of prosecution "within ten years after the victim reach[ing] the age of eighteen" rather than "within ten years after the commission of the offense." § 556.037, RSMo 2000. Under the amended version of Section 556.037, the new statute of limitations for Ferdinand's charged offense was November 30, 2005.

In 2004, Section 556.037 was again amended to extend the limitations period. Under that amendment, prosecutions for unlawful sexual offenses involving someone under age eighteen must be commenced within twenty years after the victim reaches age eighteen, but there was no time limitation placed on prosecutions involving forcible rape. § 556.037, RSMo Supp. 2004. The statute of limitations for the forcible rape of C.G., a victim under age eighteen at the time of the offense, was therefore removed before the prior limitations period on Ferdinand's offense had lapsed.

7

In light of this legislative history, Ferdinand did not obtain a vested right in any previous statute of limitations because the requisite time period had not yet run at either time when Section 556.037 was amended. *See Doe*, 862 S.W.2d at 341; *Longhibler*, 832 S.W.2d at 909-10; *Casaretto*, 818 S.W.2d at 316. Accordingly, the version of Section 556.037 that was in effect when the 2010 indictment was filed applied to the charges against Ferdinand, and there was effectively no statute of limitations on his crime.

## Conclusion

We find that the motion court's findings were not clearly erroneous regarding Ferdinand's Rule 29.15 motion. The motion court reached the correct result in that there was no limitations period for the crime of forcible rape of a person under the age of eighteen when Ferdinand was indicted for the rape of C.G. in 2010. Therefore, the trial court did have jurisdiction to enter a judgment of conviction and sentence for the forcible rape charge; Ferdinand did have effective assistance of counsel at his trial; the State did not commit prosecutorial misconduct in prosecuting Ferdinand for the forcible rape in 2010; and Ferdinand did have effective assistance of appellate counsel. The denial of Ferdinand's Rule 29.15 motion is affirmed.

_____

Anthony Rex Gabbert, Judge

All concur.

8