**John BECK, Respondent,**

v.

**Ann FLEMING, Appellant.**

**No. SC 86568.**

Supreme Court of Missouri,
En Banc.

June 14, 2005.

Rehearing Denied July 12, 2005.

Maia Brodie, Aimee M. Ruder, St. Louis, for appellant.

Daniel R. Sokol, Sanford J. Boxerman, St. Louis, for respondent.

RONNIE L. WHITE, Chief Justice.

## I.

Ann Fleming (Appellant) appeals from the dismissal of a motion to enforce her dissolution decree alleging that her former husband, John Beck (Respondent), had failed to pay her the correct amount of profits accrued from the exercise of stock options that had been allocated to her in the decree. The circuit court determined that the judgment of dissolution as to those specific payments was presumed paid pursuant to the applicable version of section 516.350. This Court has jurisdiction, Mo. Const. art. V, sec. 10. The judgment is affirmed.

## II.

The parties dissolved their marriage on June 24, 1988. The dissolution decree included a provision entitling Appellant to 12.5% of any net profit realized from the exercise of certain stock options that Respondent had received as a benefit from his employment. Respondent retained the exclusive right to choose if and when to exercise the options, and he had made payments to Appellant on options exercised on February 15, 1995, January 7, 2000, and July 19, 2001.[1]

On December 7, 2001, Appellant filed a motion to enforce the decree alleging that Respondent had "exercised, purchased and sold all of the stock options granted to him ... however he has failed to pay to [Appellant] the full amount of the net profit realized from said transactions." Respondent filed a motion to dismiss, which the trial court granted finding that a conclu-

---

1. These payments were not entered on the record as payments made on the judgment until Appellant filed partial satisfactions of the judgment on June 11th and July 8th, 2003.

sive presumption of payment existed by operation of the 1999 version of section 516.350.

## III.

■■■■ This Court must affirm the dismissal if it can be sustained on any ground supported by the motion to dismiss.[2] The case is not reviewed on the merits, but rather a determination is made as to if Appellant's pleadings were sufficient to withstand a motion to dismiss.[3]

■■■ The case turns on which version of section 516.350 applies in relation to the stock options that Respondent received as an employment benefit. The precursor to section 516.350 was passed in 1909. The statute was amended or revised in 1919, 1929, 1982, 1999, and 2001. In 1999, the legislature added subsection 3 to the statute, leaving subsections 1 and 2 intact from the 1982 revisions. The 1999 version of section 516.350 provided:

> 1. Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, **except for any judgment, order, or decree awarding child support or maintenance which mandates the making of payments over a period of time, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof,** or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten

years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, **nor shall any suit be brought, had or maintained thereon for any purpose whatever.**

> 2. In any judgment, order, or decree awarding child support or maintenance, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, unless the judgment has been otherwise revived as set out in subsection 1 of this section. This subsection shall take effect as to all such judgments, orders, or decrees which have not been presumed paid pursuant to subsection 1 of this section as of August 31, 1982.

> 3. In any judgment, order or decree awarding child support or maintenance, payment duly entered on the record as provided in subsection 1 of this section shall include recording of payments or credits in the automated child support system created pursuant to chapter 454, RSMo, by the division of child support enforcement or payment center pursuant to chapter 454, RSMo.

In 2001, the legislature expanded the exception provided in subsection 1 for decrees awarding child support and maintenance to also include judgments "dividing pension, retirement, life insurance, or other employee benefits in connection with a dissolution of marriage." The legislature also added a new subsection 3 and designated the former subsection 3 as being subsection 4. The newly added subsection 3 provides:

---

**2.** *Lueckenotte v. Lueckenotte,* 34 S.W.3d 387, 391 (Mo. banc 2001).

**3.** *Id.*

In any judgment, order, or decree dividing pension, retirement, life insurance, **or other employee benefits** in connection with a dissolution of marriage, legal separation or annulment, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, unless the judgment has been otherwise revived as set out in subsection 1 of this section. **This subsection shall take effect as to all such judgments, orders, or decrees which have not been presumed paid pursuant to subsection 1 of this section as of August 28, 2001.**

Appellant claims the trial court erred by failing to apply the new exceptions adopted in the 2001 version of section 516.350 regarding dissolution decrees dividing employee benefits: (1) because the judgment had not been adjudicated to have lapsed; (2) because of the distinctive nature of periodic and future payments; and (3) because failure to apply the 2001 version of this remedial statute would constitute a deprivation of due process. Respondent argues that the 2001 version of section 516.350 does not apply and that a conclusive presumption of payment attached on June 24, 1998, because the Appellant failed to revive the judgment within ten years of the June 24, 1988, decree as required by the prior version of the statute.

This Court has previously held that a plain reading of section 516.350.1 provides that judgments, not excluded or revived, shall conclusively be presumed to be paid and satisfied ten years after the original rendition of the judgment.[4] The statute also provides "no tolling period during which debts are uncertain or uncollectible," and the "inability to collect a debt does not prevent the normal operation of section 516.350.1."[5]

No version of the statute requires that an adjudication take place to establish that a payment not excluded is presumed to have been paid upon the passage of ten years. The case Appellant cites to support her first argument, *In re Marriage of Holt*, involved a situation where litigation was in progress at the time that section 516.350 was amended and the plaintiff was given the benefit of the new amendments to the statute.[6] In this instance, Appellant brought her litigation three and a half years after the payments in question are presumed to have been paid and four months after the 2001 amendments to the statute went into effect.

With regard to Appellant's second argument, at the time when the original dissolution decree was entered, June 24, 1988, there was no statutory exception from the presumption of payment, absent a timely revival, that applied to dissolution decrees awarding employment benefits as future payments or as payments to be made over a period of time. There is also no uncertainty contained in the language of subsection 3 in the 2001 amendments that the new exclusion for judgments awarding periodic payments of employee benefits to a spouse did not take effect until August 28, 2001. Consequently, it does not matter if Appellant characterizes the nature of this payment as being future or periodic. There was simply no statutory exception to the presumption of payment of this award after ten years had passed from the entry of the original judgment, unless Appellant had filed a timely motion for revival of the judgment.

Appellant finally argues that this is a remedial statute and the 2001 version

---

**4.** *Pirtle v. Cook*, 956 S.W.2d 235, 245 (Mo. banc 1997).

**5.** *Id.*

**6.** *In re Marriage of Holt*, 635 S.W.2d 335, 338 (Mo. banc 1982).

should be applied retroactively to ensure her rights to due process. However, "once the original statute of limitation expires and bars the plaintiff's action, the defendant has acquired a vested right to be free from suit, a right that is substantive in nature." [7] "[S]tatutory provisions that are substantive are generally presumed to operate prospectively, unless the legislative intent that they be given retroactive operation clearly appears from the express language of the act or by necessary or unavoidable implication." [8] The only language in the statute referencing when the new statutory amendments were to be applied establishes August 28, 2001 as the effective date. On June 24, 1998, Respondent acquired a substantive right to be free from suit with regard to those portions of the dissolution decree that were presumed to be paid, and the 2001 amendments to section 516.350 do not apply retroactively to strip away that substantive right.

## IV.

The parties had stipulated that the judgment awarding profits from the stock options had not been revived by Appellant within the ten year period following the June 24, 1988, dissolution decree as required by the pre–2001 version of section 516.350. The payment was presumptively paid by operation of the applicable statute. The judgment of the trial court is affirmed.

WOLFF, STITH, PRICE, TEITELMAN and LIMBAUGH, JJ., and GILLIS, Sp.J. concur.

RUSSELL, J., not participating.

---

7. *Doe v. Roman Catholic Diocese of Jefferson City,* 862 S.W.2d 338, 341 (Mo. banc 1993).

8. *Callahan v. Cardinal Glennon Hosp.,* 863 S.W.2d 852, 872 (Mo. banc 1993).