Terry L. **COPELAND,**
**Plaintiff/Appellant,**

v.

**CITY OF UNION, Missouri,**
**Defendant/Respondent.**

ED 105224

Missouri Court of Appeals,
Eastern District,
DIVISION ONE.

Filed: September 5, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied
October 23, 2017

Application for Transfer Denied
December 19, 2017

Bryan P. Cavanaugh, 512 Sunnyside Avenue, St. Louis, MO 63119, For Plaintiff/Appellant.

Richard J. Behr, Jason W. Kinser, 7777 Bonhomme, Suite 1400, Clayton, MO 63105, For Defendant/Respondent.

SHERRI B. SULLIVAN, J.

### Introduction

Terry L. Copeland (Appellant) appeals from the trial court's judgment dismissing with prejudice his petition for a declaratory judgment and injunctive relief for failure to state a claim. We affirm.

## 300

### Factual and Procedural Background

Appellant's petition filed March 2, 2016, alleges the following in support of his request for a declaratory judgment and injunctive relief against the City of Union, Missouri (Respondent).

Appellant is an individual resident and current elected City Collector of Respondent, which is a fourth-class city in Franklin County, Missouri, organized pursuant to Section 79.010 RSMo 2000. On April 6, 2010, Appellant was elected to the position of City Collector. Appellant was reelected in April 2014, and plans to run for election again in April 2018. Appellant claims certain of Respondent's amending ordinances in its revised Code of Ordinances are illegal and have injured Appellant as Respondent's City Collector.[1]

On October 12, 2009, Respondent's Board of Aldermen passed Amending Ordinance 3493, authorizing Respondent's Mayor to enter into an agreement with Franklin County by which Franklin County would collect all real and personal property taxes on behalf of Respondent, beginning in 2010. Prior to the passage of Ordinance 3493, the authority to collect real and personal property taxes owed by Respondent's residents was vested in the City Collector.

Also on October 12, 2009, Respondent's Board of Aldermen passed Amending Ordinance 3494, which provided that the salary of the City Collector for the term beginning in April 2010 would be $1.00, without any additional compensation or benefits.

On February 8, 2010, Respondent's Board of Aldermen passed Amending Ordinance 3521, which provided that (1) all real and personal property taxes owed to Respondent would be collected by Franklin County, beginning with the 2010 tax year; (2) the collection of other taxes, license fees, and all other monies owed to Respondent would be performed by the City Administrator; (3) the collection of delinquent taxes and payments would be performed by the City Administrator; (4) the City Finance Officer would make an annual report to the Board of Aldermen with respect to monies collected by Franklin County and the City Administrator; and (5) the City Collector would perform only the duties assigned by the Mayor, Board of Aldermen, or City Administrator. The ordinance further provided that it would become effective "upon expiration of the current elected term of the Collector on or about April 12, 2010." UNION, MO., CODE Section 125.380 (2017).

Appellant complained to Respondent officials that the amending ordinances unlawfully eliminate all of the duties of the City Collector, but Respondent has refused to repeal or change the ordinances. Specifically, Appellant's petition seeks a declaratory judgment that the three amending ordinances culminating in the current municipal code Section 125.380 directly conflict with Sections 79.050, 79.240, 79.310 (providing for the appointment or election, removal, and duties of fourth-class city collector); 94.230, 94.290, 94.320, 94.330, 95.360 (providing for collector's duties re: city license tax, tax book, delinquent tax, bond tax, and monthly settlement with city treasury); and 140.670 (city collector duty to hand over city delinquent taxes to county collector) RSMo 2000, which create and bestow the office of City Collector with rights and duties. Appellant also claims they violate Section 71.010

---

1. We note that as alleged in Appellant's petition, all of the changes to the City Collector's salaries and duties became effective _before_ Appellant took office. There is no allegation of any diminution in salary or authority that occurred after Appellant was elected. Appellant cannot claim a property interest in the position as it existed before he took office.

RSMo 2000, which provides generally for city ordinances to conform to state statutes regarding the same subject matter.

On April 16, 2016, Respondent filed a Motion to Dismiss for Failure to State a Claim, and on May 11, 2016, Appellant filed his Response. On June 30, 2016, Appellant filed a Supplemental Brief in Opposition to Respondent's Motion to Dismiss. On July 5, 2016, the matter was argued and taken under submission. On December 5, 2016, the trial court issued an order granting the motion to dismiss, and dismissed Appellant's petition with prejudice. On January 11, 2017, the trial court entered its Final Order and Judgment dismissing Appellant's petition with prejudice and entering judgment in favor of Respondent. This appeal follows.

### Point on Appeal

Appellant claims the trial court erred in granting Respondent's motion to dismiss for failure to state a claim because the petition states a claim for relief in that it sufficiently pleads facts showing Respondent's amending ordinances are void because they purport to take away statutorily required duties from the City Collector in violation of Missouri statutes.

### Standard of Review

■ Our standard of review when considering a trial court's grant of a motion to dismiss is *de novo.* Moynihan v. Gunn, 204 S.W.3d 230, 232-33 (Mo. App. E.D. 2006). When the trial court fails to state a basis for its dismissal, we presume the dismissal was based on at least one of the grounds stated in the motion to dismiss. Id. at 233. Further, we can affirm the trial court's dismissal on any ground before the trial court in the motion to dismiss, even if that ground was not relied upon by the trial court in dismissing the claim. Id. When reviewing the dismissal of a petition for failure to state a claim, appellate courts treat the facts contained in the petition as true and construe them liberally in favor of the plaintiffs. Id.; Ste. Genevieve Sch. Dist. R II v. Bd. of Aldermen of City of Ste. Genevieve, 66 S.W.3d 6, 11 (Mo. banc 2002).

### Discussion

■ The thrust of Appellant's petition is that Ordinance 3521 and the new section of city code it created, Section 125.380, are void because they purport to allow Respondent to do two things contrary to state law. First, Appellant pleads Respondent unlawfully transferred the duty of collecting property taxes from the City Collector to Franklin County. Second, Appellant alleges Respondent illegally transferred the City Collector's remaining duties to other of Respondent's employees.

■ Ordinances are presumed to be valid and lawful. Missouri Bankers Association, Inc. v. St. Louis County, 448 S.W.3d 267, 271 (Mo. banc 2014). An ordinance must be construed to uphold its validity unless it is expressly inconsistent or in irreconcilable conflict with a statute or provision of the Missouri Constitution. Id.; Home Builders Ass'n of Greater St. Louis, Inc. v. City of Wildwood, 107 S.W.3d 235, 238 (Mo. banc 2003). Whether the ordinance conflicts with state law is a question of law this Court reviews *de novo.* Missouri Bankers Association, Inc., 448 S.W.3d at 271; State ex rel. Sunshine Enterprises of Missouri, Inc. v. Bd. of Adjustment of City of St. Ann, 64 S.W.3d 310, 314 (Mo. banc 2002).

Article VI, Section 16 of the Missouri Constitution authorizes the powers exercised by Respondent through Ordinance 3521 and the new Section 125.380 it created, as follows:

Any municipality or political subdivision of this state may contract and cooperate with other municipalities or political subdivisions thereof, or with other states or their municipalities or political subdivisions, or with the United States, for the planning, development, construction, acquisition or operation of any public improvement or facility, or for a common service, in the manner provided by law.

Mo. CONST. ART. VI, Section 16.

The contracting and cooperating powers set forth in Article VI, Section 16, were statutorily implemented by the legislature in Sections 70.210 through 70.320. Specifically, Sections 70.220 and 70.280 authorize the actions exercised by Respondent through Ordinance 3521 and the revised city code Section 125.380 it created. Section 70.220 provides in pertinent part:

Any municipality or political subdivision of this state, as herein defined, may contract and cooperate with any other municipality or political subdivision, or with an elective or appointive official thereof, or with a duly authorized agency of the United States, or of this state, or with other states or their municipalities or political subdivisions, or with any private person, firm, association or corporation, for the planning, development, construction, acquisition or operation of any public improvement or facility, or for a common service; provided, that the subject and purposes of any such contract or cooperative action made and entered into by such municipality or political subdivision shall be within the scope of the powers of such municipality or political subdivision.

Section 70.220.1.

The legislature also expressly provided that the powers conferred by Section 70.220 may be exercised through a duly enacted ordinance, as Respondent did in this case. Section 70.230. Fourth-class cities like Respondent have the power to enact any ordinances not repugnant to the constitution and laws of this state. Section 79.110.

The Missouri Supreme Court has held Section 70.220 constitutional in St. Louis Housing Authority v. City of St. Louis, 361 Mo. 1170, 239 S.W.2d 289, 293 (Mo. banc 1951). Franklin County, Missouri, is clearly a political subdivision of the state with which Respondent may contract and cooperate pursuant to both the Missouri Constitution and Section 70.220.

Section 70.280, titled "Office of facility taken over may be abolished and duties transferred," provides:

The governing body of any municipality or political subdivision shall have the power to abolish the office of the facility taken over by any other municipality or political subdivision, and the powers and duties thereof may be transferred to the officer who is to perform them under the terms of the contract or cooperative action.

Section 70.280.

Additionally, Section 52.320 explicitly authorizes collectors of revenue in counties of the first class, like Franklin County, to enter into a contract with a city providing for the collection of municipal taxes by the collector:

2. In all counties of the first class not having a charter form of government and in any county with a charter form of government and with more than two hundred thousand but fewer than three hundred fifty thousand inhabitants the collector of revenue may enter into a contract with a city providing for the collection of municipal taxes by the collector. Any compensation paid by a city for services rendered pursuant to this section shall be paid directly to the

county, or collector, or both, as provided in the contract, and all compensation, not to exceed three thousand dollars annually from all such contracts, allowed the collector under any such contract may be retained by the collector in addition to all other compensation provided by law.

Section 52.320.2.[2]

Accordingly, as demonstrated above, Ordinance 3521 is fully consistent with Article VI, Section 16 of the Missouri Constitution and Section 70.220, as well as with other statutory authority set out *supra.* Therefore, Ordinance 3521 and Section 125.380 of Respondent's city code are valid and authorize Respondent to perform acts consistent with state law.

■ Appellant maintains the ordinance and code section violate certain sections of Section 79 which is titled "Fourth Class Cities" and applies to fourth-class Missouri cities, including Respondent. Specifically, Appellant cites Section 79.050.1, which provides in pertinent part that "If the board of aldermen does not provide for the appointment of ... collector as provided by this section, a ... collector shall be elected." The petition alleges Respondent violated this statute because it "essentially" eliminated the statutorily required City Collector position by stripping it of all of its duties. However, statutes should be read in *pari materia.* State ex rel. Fort

Zumwalt School District v. Dickherber, 576 S.W.2d 532, 536-37 (Mo. banc 1979), State ex rel. Dankelson v. Holt, 994 S.W.2d 90, 92 (Mo. App. S.D. 1999). Although the earlier statute cited by Appellant provides there *shall be* a city collector, the later statutes provide that a city may contract out the duties of the city collector to the county, among other entities and individuals. See Sections 52.320, 52.332, 70.220, 70.280. These statutes can easily be read together and harmonized.

Appellant also cites Section 79.240.1, which provides in relevant part,

The mayor may, with the consent of a majority of all the members elected to the board of aldermen, remove from office, for cause shown, any elective officer of the city, such officer being first given opportunity, together with his witnesses, to be heard before the board of aldermen sitting as a board of impeachment.

Respondent did not remove Appellant from his office of City Collector. As such, Appellant's citation of Section 79.240.1 is inapposite. Appellant claims Respondent violated this statute by not performing the required procedures before eliminating the office of City Collector. Again, Appellant's reference to this statute is misplaced, because Respondent did not eliminate the office of City Collector. Rather, it contracted out certain of its duties to Franklin County, which it is allowed to do, as discussed *supra.* It reassigned other duties of

---

**2.** See also Section 50.332, "County officers may perform certain duties for municipalities, when—compensation for, paid how, to whom":

In all counties of the first, second, third, and fourth classes, and in any county with a charter form of government and with more than two hundred thousand but fewer than three hundred fifty thousand inhabitants, each county officer may, subject to the approval of the governing body of the county, contract with the governing body of any municipality located within such county, ei-

ther in whole or in part, to perform the same type of duties for such municipality as such county officer is performing for the county. Any compensation paid by a municipality for services rendered pursuant to this section shall be paid directly to the county, or county officer, or both, as provided in the provisions of the contract, and any compensation allowed any county officer under any such contract may be retained by such officer in addition to all other compensation provided by law.

the Collector to other city officers, which it is not prohibited from doing. The City Collector's position remains, and its duties are delineated as those "assigned by the Mayor, Board of Aldermen, or City Administrator." UNION, MO., CODE Section 125.380.

Moreover, if Respondent wanted to eliminate the position of City Collector, it could have done so. Respondent has the power to eliminate the position altogether. As Section 70.280 provides:

> The governing body of any municipality or political subdivision shall have the power to abolish the office of the facility taken over by any other municipality or political subdivision, and the powers and duties thereof may be transferred to the officer who is to perform them under the terms of the contract or cooperative action.

Section 70.280.

■ Appellant next claims the code section violates Section 79.310, which provides for the collector to make an annual report:

> The collector shall, annually, at such times as may be designated by ordinance, make a detailed report to the board of aldermen, stating the various moneys collected by him during the year, and the amounts uncollected and the names of the persons from which he failed to collect and the causes therefor.

The city code Section 125.380 now provides the City Finance Officer makes the annual report. If a city has the statutory power to eliminate a position altogether, it can reduce the duties of that position. Section 79.310 was enacted in 1939. At the time Section 79.310 was enacted, the duties of the City Collector were set forth and not statutorily contemplated to be able to be contracted out, diminished or eliminated. However, later enacted statutes have broadened the authority of cities and mu-

nicipalities in terms of their self-governance. Sections 70.220, 70.280, 50.332, and 50.320 were passed after the 1939 statutes in order to implement Article VI, Section 16 of the Missouri Constitution. School Dist. of Kansas City v. Kansas City, 382 S.W.2d 688, 692 (Mo. banc 1964). By enacting Section 70.220, the legislature has stated its intent to enable municipalities to effect economic development and facilitate the performance of their related functions. Cape Motor Lodge, Inc. v. City of Cape Girardeau, 706 S.W.2d 208, 213 (Mo. banc 1986).

■ Statutes which appear to be conflicting should be harmonized, if at all possible, so that they may stand together. Edwards v. St. Louis County, 429 S.W.2d 718, 721 (Mo. banc 1968). But the last act of the legislature, if completely repugnant to a prior act, must be construed as repealing the prior act by implication, to the extent of such conflict, and is deemed to express the intent of the legislature. Id. Here, we believe the earlier and later statutes may be harmonized in that the later statutes expand the power of a city or municipality to contract out, transfer, or abolish the duties of its offices, its officers and their powers and duties, as well as common services, such as the collection of taxes. Or, it may establish and keep local its city collector to collect its taxes and perform other collector duties as provided in the earlier statutes. These provisions are not repugnant but rather give cities the authority to choose its mode of government. The purpose of Article 6, Section 16 of the Constitution and its implementing statute Section 70.220 is to enable municipalities and political subdivisions to effect economies and facilitate the performance of their related public functions although actual consolidation of the governmental agencies is not feasible. School Dist. of Kansas City, 382 S.W.2d at 692.

Appellant also cites Sections 94.230, 94.290, 94.320, 94.330, 94.360, 95.360, and 140.670, all enacted in 1939 and which respectively set out a city collector's duties to collect business license taxes (fourth-class cities) (94.230); to be charged by city clerk for all due taxes according to city clerk's tax book (94.290); to make list of delinquent taxes to be given to board of aldermen (94.320); to report monthly on collected taxes to board of aldermen and pay same into city treasury (94.330); to collect license tax on certain businesses (special charter cities) (94.360); to settle monthly with city treasurer (95.360); and to hand over delinquent city real estate taxes to county collector (140.670). As of 2010, all of these duties have been lawfully transferred by Respondent to Franklin County, the City Administrator, and the City Finance Officer. See UNION, MO., CODE Section 125.380 ((1) all real and personal property taxes owed to Respondent would be collected by Franklin County, beginning with the 2010 tax year; (2) the collection of other taxes, license fees, and all other monies owed to Respondent would be performed by the City Administrator; (3) the collection of delinquent taxes and payments would be performed by the City Administrator; (4) the City Finance Officer would make an annual report to the Board of Aldermen with respect to monies collected by Franklin County and the City Administrator.) The City Collector would perform only the duties assigned by the Mayor, Board of Aldermen, or City Administrator. Section 125.380. As hereinbefore set forth, it is legal for Respondent to transfer these duties in such fashion. Respondent is not in violation of the series of 1939 statutes setting out the separate duties of a city collector because of the later enacted constitutional provision and statutes discussed *supra* allowing it to contract out or delegate these duties to other individuals and entities.

The position of Respondent's City Collector, currently electively held by Appellant, is still in existence and has not been abolished; has duties delineated as those assigned by the Mayor, Board of Aldermen, or City Administrator; and is compensated by a nominal annual salary of $1.00. UNION, MO., CODE Section 125.380. The statutes cited by Appellant do not require Respondent as a fourth-class city to maintain an office or position of City Collector to which a mandatory set of duties must be assigned. Rather, later statutes have expanded and allowed Respondent as a fourth-class city to contract and cooperate with Franklin County and transfer or eliminate altogether the duties of its elected City Collector as it deems fit for economic reasons or otherwise. Current Missouri law gives Respondent the discretion in conjunction with its cooperative agreement with Franklin County to transfer the duties of City Collector to Franklin County as well as other city officials. Appellant presents no convincing argument otherwise.

For the foregoing reasons, Appellant's point on appeal is denied.

### Conclusion

The trial court's judgment is affirmed.

Robert G. Dowd, Jr., P.J., and Kurt S. Odenwald, J., concur.