

# Missouri Court of Appeals
## Southern District

### In Division

JENETTE KONOPASEK,         )
                                      )

    Plaintiff-Appellant,        )
                                      )

v.                             )      No. SD37388
                                      )

DOUGLAS and LAURA KONOPASEK,   )      **Filed: September 13, 2022**
                                      )

    Defendants-Respondents.    )

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable R. Tiffany Yarnell

**<u>AFFIRMED</u>**

Appellant Jenette Konopasek ("Judgment Creditor") obtained a judgment for unpaid child support against Respondent Douglas Konopasek ("Judgment Debtor") and is attempting to collect it. In two points relied on, Judgment Creditor appeals the circuit court's judgment dismissing, without prejudice,[1] her Amended Petition ("the amended petition") that alleged Judgment Debtor fraudulently transferred money he received in settlement of personal injury claims to a joint checking account he held with his current

---

[1] While a dismissal without prejudice is generally not a final, appealable judgment, where, as here, "the party elects not to plead further, [. . .] the judgment of dismissal–albeit without prejudice–amounts to an adjudication on the merits and may be appealed." ***Atkins v. Jester***, 309 S.W.3d 418, 426 (Mo. App. S.D. 2010) (quoting ***Mahoney v. Doerhoff Surgical Servs., Inc.***, 807 S.W.2d 503, 506 (Mo. banc 1991)).

1

wife, Laura Konopasek ("Wife" [2]), in that those transfers violated sections 428.005 to 428.059 of the Missouri Uniform Fraudulent Transfer Act ("MUFTA").[3] Because the amended petition fails to allege that Judgment Debtor made a "transfer," as that term is defined within the MUFTA statutory scheme, we affirm.

## Standard of Review

We review the circuit court's grant of a motion to dismiss *de novo*. **Copeland v. City of Union**, 534 S.W.3d 298, 301 (Mo. App. E.D. 2017). Unless matters outside the pleadings are presented to and not excluded by the circuit court,[4]

> [a] court reviews the petition "in an almost academic manner, to determine if the facts alleged meet the elements of a recognized cause of action, or of a cause that might be adopted in that case." *Nazeri v. Mo. Valley Coll.,* 860 S.W.2d 303, 306 (Mo. banc 1993). In so doing, a court takes a plaintiff's averments as true and liberally grants plaintiff all reasonable inferences. It will not weigh the credibility or persuasiveness of facts alleged.

**City of Lake Saint Louis v. City of O'Fallon**, 324 S.W.3d 756, 759 (Mo. banc 2010) (additional citations omitted).

## Analysis

Because her two points are essentially identical in that both claim Judgment Creditor's Amended Petition stated a claim for relief under MUFTA, and because both

---

[2] Wife is also a named defendant in the underlying case as well as a respondent on appeal. Because the averments in the amended petition are mainly directed at Douglas Konopasek, for ease of reference we have designated him as "Judgment Debtor" and Laura Konopasek as "Wife."

[3] Unless otherwise indicated, all statutory references are to RSMo 2016.

[4] As noted in **Walters Bender Strohbehn & Vaughan, P.C. v. Mason**, 316 S.W.3d 475, 479-80 (Mo. App. W.D. 2010) (citing **Weems v. Montgomery***,* 126 S.W.3d 479, 482 (Mo. App. W.D. 2004)), Rule 55.27(a) permits the circuit court to "transform a motion to dismiss into a motion for summary judgment when the parties submit for the court's consideration matters outside of the pleadings." Although it is allowed, it is rarely a good idea to do so. The better practice is to reject the proffered materials, decide the motion to dismiss on its face, and advise the parties that such materials would more appropriately be submitted in support (or defense) of a Rule 74.04-compliant motion for summary judgment. Unless otherwise indicated, all rule references are to Missouri Court Rules (2021).

points fail for the same reason, we address them together. Judgment Creditor's first point claims the circuit court erred in dismissing the amended petition because she stated a claim under section 428.024 of MUFTA – transfers fraudulent as to present and future creditors. Her second point claims the circuit court erred in dismissing the amended petition because she stated a claim under section 428.029 of MUFTA – transfers fraudulent as to present creditors.

*The Governing Law*

Section 428.024.1,[5] transfers fraudulent as to present and future creditors, provides:

> 1. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (1) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
>
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>
> (a) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
> (b) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.
>
> Section 428.029, transfers fraudulent as to present creditors, states:
>
> 1. A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the

---

[5] Section 428.024.2 contains factors to consider in determining "actual intent" under section 428.024.1(1). Judgment Creditor argues, and we agree, that she was not required to plead these factors in order to state a claim for relief under this section of the statute, and as such we do not recite them here.

transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

2.  A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

*The Amended Petition*

The amended petition alleges, in pertinent part, that:

       . . . .

3.      On January 18, 2013, [Judgment Creditor] obtained a judgment against [Judgment Debtor] in the amount of $7,288.00, with interest accruing at the statutory rate, in [Judgment Creditor] v. [Judgment Debtor], case number 10CY–CV05789 (the "Clay County Judgment").

4.      As of March 17, 2021, no payments have been made on the Clay County Judgment and interest has accrued in the amount of $5,355.18, for a total judgment amount of $12,643.18.

       . . . .

6.      On or about December 5, 2015, [Judgment Debtor] was involved in an automobile accident in the course of his employment.  By way of the accident [Judgment Debtor] accrued a worker's compensation claim (the "Worker's Compensation Claim").

7.      Upon information and belief, [Judgment Debtor] accrued another claim for personal injury from another party arising out of this accident (the "Personal Injury Claim").

       . . . .

10.     On or about May 22, 2018, the Worker's Compensation Claim was settled and [Judgment Debtor] received $49,771.73 as his share of the settlement proceeds.

11.     On or about June 4, 2018, the Personal Injury Claim was settled and [Judgment Debtor] received $235,336.49 as his share of the settlement proceeds.

12. [Judgment Creditor] is filing as an exhibit to the amended petition bank statements from Bank of America showing the deposit of $49,771.73 on May 22, 2018, and $235,336.49 on June 4, 2018, into account number [omitted.]

13. [Judgment Debtor] transferred his interests in the Worker's Compensation Claim and the Personal Injury Claim to himself and to [Wife], as tenants in the entirety, when he directed that his share of the settlement proceeds be deposited into an account owned by both [Judgment Debtor] and [Wife].

14. On March 2, 2020, [Judgment Creditor] obtained a second judgment against [Judgment Debtor] in the amount of $12,564.93, with interest accruing at the statutory rate, in [Judgment Creditor] v. [Judgment Debtor], case number 18BE-DR00098 (the "Benton County Judgment").

15. As of March 17, 2021, no payments have been made on the Benton County Judgment and interest has accrued in the amount of $1,184.65, for a total judgment amount of $13,827.83.

16. The transfer of the Worker's Compensation Claim and the Personal Injury Claim from [Judgment Debtor] to [Judgment Debtor] and [Wife], as tenants in the entirety, was fraudulent as to [Judgment Creditor] in that it was made with the actual intent to hinder, delay and/or defraud [Judgment Creditor] from collecting on the Clay County Judgment and the Benton County Judgment.

17. The transfer of the Worker's Compensation Claim and the Personal Injury Claim from [Judgment Debtor] to [Judgment Debtor] and [Wife], as tenants in the entirety, was fraudulent as to [Judgment Creditor] with respect to the Clay County Judgment in that [Judgment Debtor] made the transfer without receiving a reasonably equivalent value in exchange for the transfer and [Judgment Debtor] was insolvent at that time or became insolvent as the result of the transfer.

A fundamental requirement of the MUFTA statutory scheme is that the alleged fraud involve a "transfer." *See* section 428.024.1 and section 428.029.1 and .2. Section 428.009(12) defines a "transfer" as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, *of disposing of or parting with* an asset or an

interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance." (Emphasis added.)

Based upon the plain meaning of that definition, Judgment Creditor's Amended Petition fails to allege a "transfer," in that she merely alleges that Judgment Debtor moved (as opposed to disposed of or parted with) the settlement proceeds to a bank account that he holds jointly with Wife. Specifically, Judgment Creditor alleges that Judgment Debtor "transferred his interests in the Worker's Compensation Claim and the Personal Injury Claim to himself and [Wife], [. . .] when he directed that his share of the settlement proceeds be deposited into an account owned by both [Judgment Debtor] and [Wife]."

In moving the settlement funds to an account that he owned together with Wife, Judgment Debtor still has possession of the settlement funds and did not "dispos[e] of" or "part[] with"[6] them. As a result, he did not "transfer" them within the meaning of section 428.009(12). *Cf. **Fischer v. Brancato***, 147 S.W.3d 794, 799-800 (Mo. App. E.D. 2004) (holding that creditor sufficiently pleaded elements of MUFTA violation when he alleged that debtor fraudulently conveyed all of his income as an orthopedic surgeon to third parties); *but see **Cohen v. Sikirica***, 487 B.R. 615, 626-27 (W.D. Pa. 2013) (debtor-husband's wage deposits into an entireties account he shared with his non-debtor wife

---

[6] Merriam-Webster defines "dispose" as "to get rid of" or "to transfer to the control of another[.]" It defines "part with" as "to give up possession or control of (something)[.]" *See* Merriam-Webster, https://www.merriam-webster.com/dictionary/dispose and https://www.merriam-webster.com/dictionary/partwith (last visited Sept. 9, 2022). Neither of those things occurred here. As the MUFTA is a uniform act that has been adopted in many states, we look to other states' interpretations of this same issue. *See also **Isaiah v. JPMorgan Chase Bank***, 960 F.3d 1296, 1303 (11th Cir. 2020) (holding that plaintiff failed to state a claim upon which relief may be granted because deposits made by the principals into their businesses' bank accounts were not "transfers" that could support a claim under the Florida Uniform Fraudulent Transfers Act, as the relevant inquiry is not one of ownership or title, but of control, and when an accountholder deposits money into a bank account, the accountholder can still call upon the bank to return the money on demand).

(who did not contribute as much to the account as her husband) were avoidable as constructively fraudulent, citing, generally, the UFTA and the federal bankruptcy code)) and *In re Craig*, 144 F.3d 587, 591 (8th Cir. 1998) (interpreting North Dakota's Uniform Fraudulent Transfer Act and its definition of "transfer" broadly, so as to include the "grant of an interest in an asset, including the 'creation of a lien or other encumbrance'" to hold that allowing an encumbrance to be placed on a promissory note qualified as a fraudulent transfer (citing N.D. Cent. Code section 13-02.1-01)).

Because Judgment Creditor failed to allege a "transfer," as that term is defined under the MUFTA, any additional elements necessary to support her claims are moot, and the circuit court did not err as a matter of law in dismissing the amended petition for failure to state a claim upon which relief might be granted.

Judgment Creditor's points are denied, and the judgment of the circuit court is affirmed.


DON E. BURRELL, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

JACK A. L. GOODMAN, J. – CONCURS

7