

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION TWO</u>

| | | |
|---|---|---|
| MARY SUSAN MCCAY, PERSONAL REPRESENTATIVE FOR THE ESTATE OF DAVID V. MCCAY | ) ) ) ) | No. ED111678 |
| Respondent, | ) ) | Appeal from the Circuit Court of St. Louis County |
| v. | ) ) | Cause No. 2199FC-04039-01 |
| KATHLEEN P. MCCAY, | ) ) | Honorable Heather R. Cunningham |
| Appellant. | ) ) | Filed: April 23, 2024 |

**Introduction**

Appellant Kathleen McCay ("Appellant") appeals the judgment of the Circuit Court of St. Louis County dismissing as barred by the statute of limitations her Motion to Cite and Punish for Contempt against her former spouse, now deceased, David McCay ("Respondent"), for failure to pay Appellant a proportionate share of retirement benefit payments mandated by their dissolution judgment. As Respondent predeceased this Court's review of this appeal, Mary McCay, as personal representative of Respondent's Estate, was substituted as the Respondent party. Appellant argues on appeal that the trial court erred in dismissing her appeal because the statute of limitations does not bar her claim. We reverse the judgment of the circuit court dismissing the petition and remand for further proceedings consistent with this opinion.

**Background**

On June 23, 2000, the circuit court entered a Judgment of Dissolution of Marriage between Appellant and Respondent. The judgment set forth provisions dividing the marital property between the parties, including Respondent's retirement benefits from a supplemental retirement agreement ("SRA Benefits"). As relevant here, the judgment mandated that Appellant shall receive approximately 50% of the SRA Benefits "if and when the SRA Benefits are actually paid for [Respondent's] benefit and/or actually received by [Respondent]."

In July 2022, Appellant filed a Motion to Cite and Punish for Contempt against Respondent, claiming that he had failed to pay Appellant her portion of the benefits for the year of 2022 and also failed to provide her with the requisite documents mandated by the dissolution judgment to verify the payments for both years 2021 and 2022. Respondent filed a motion to dismiss the claim, arguing failure to state a claim and that the circuit court lacked subject matter jurisdiction because the claim was barred by the statute of limitations set forth in Section 516.350 (1999), which declared payments made under a dissolution judgment are presumptively paid after 10 years from the date of the entry of the judgment.[1] Respondent further argued that the 2001 amendment to Section 516.350, which expanded the exceptions for the types of payments that were considered presumptively paid 10 years from the date the payment was due, not the date of the judgment, was inapplicable. Specifically, Respondent maintained that the amendment could not be retroactively applied because Section 516.350 was substantive in nature, not procedural, citing to *Beck v. Fleming,* 165 S.W.3d 156 (Mo. banc 2005). Respondent reasoned that Appellant's failure to revive the judgment within 10 years of entry of judgment thus failed to prevent the presumption of payment from attaching to the judgment in 2010. The circuit court granted the

---

[1] All Section references are to the Missouri Revised Statutes.

motion, finding that the 1999 version of Section 516.350 that was in effect at the time of the dissolution judgment was controlling, and that the 2001 amendments did not apply. This appeal follows.

## Standard of Review

This Court reviews a trial court's grant of a motion to dismiss *de novo. Copeland v. City of Union*, 534 S.W.3d 298, 301 (Mo. App. E.D. 2017). *De novo* review compels this Court to consider the merits of the motion to dismiss under the same standard applied by the trial court when considering the issue. *Mosley v. English*, 501 S.W.3d 497, 503 (Mo. App. E.D. 2016). However, we can affirm the trial court's dismissal on any ground before the trial court in the motion to dismiss, even if that ground was not relied upon by the trial court in dismissing the claim. *Copeland*, S.W.3d at 301. The case is not reviewed on the merits, but rather a determination is made as to whether Appellant's pleadings were sufficient to withstand a motion to dismiss. *Beck*, 165 S.W.3d at 158. When reviewing the dismissal of a petition for failure to state a claim, appellate courts treat the facts contained in the petition as true and construe them liberally in favor of the plaintiffs. *Ste. Genevieve Sch. Dist. R II v. Bd. of Aldermen of City of Ste. Genevieve*, 66 S.W.3d 6, 11 (Mo. banc 2002).

## Discussion

Appellant raises two points on appeal. In her first point, Appellant argues that the circuit court erred in dismissing her petition because the statute upon which the court relied applies only to monetary judgments, whereas Appellant's claim is based on her "allocation of rights" in Respondent's retirement agreement and her "right to future income derived therefrom." In her second point, Appellant argues that the court similarly erred in dismissing her motion because the court applied the wrong version of Section 516.350—the version in effect at the time of the

original dissolution judgment in 2000—rather than the version that took effect in 2001 that created a presumption of payment for a periodic payment, such as retirement benefits, 10 years from the date that such payment is due, rather than from the previously decreed date of entry of judgment. Specifically, Appellant claims that the amendment should have been retroactively applied because it explicitly encompassed judgments that *had not yet been* presumed paid as of August 28, 2001, which would include the payment at issue here. Because Point II is dispositive of Point I, we address them together.

At the time the dissolution judgment was entered in June 2000, Section 516.350 (1999) contained no exception for future periodic employee benefits payments to the presumption of payment that attached 10 years after the entry of judgment. Rather, the statute only allowed for claims to enforce payments to be brought after the limiting period had expired if the judgment was "revived" prior to its expiration.[2] However, in August 2001, the legislature amended the statute to recognize additional types of future periodic payments stemming from dissolution judgments that would fall under the exception that such payments were presumed paid 10 years *from the time the payment was due*, not from the time of entry of judgment. Section 516.350.3 (2001). This amendment specifically encompassed payments of employee benefits. Section 516.350.3. The legislature further included a provision to extend the new exceptions to "*all such judgments, orders, or decrees which have not been presumed paid…as of August 28, 2001.*"[3] Section 516.350.3.

---

[2] A judgment can be revived by personal service on the defendant before the expiration of the ten-year time period. Section 516.350.2; *Hutson v. Buhl*, 329 S.W.3d 756, 759 (Mo. App. E.D. 2011).

[3] Section 516.350.3 (2001) reads in its entirety:

> In any judgment, order, or decree dividing pension, retirement, life insurance, or other employee benefits in connection with a dissolution of marriage, legal separation or annulment, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that the periodic payment is due, unless the judgment has been otherwise revived as set out in subsection 1 of this section. This subsection shall take effect as to all such judgments, orders, or decrees which have not been presumed paid pursuant to subsection 1 of this section as of August 28, 2001.

As a general rule, statutes of limitation are considered procedural in nature, allowing their retroactive application without violating the constitutional bar against retrospective legislation.[4] *Huebert v. City of Kansas City*, 666 S.W.3d 289, 292 (Mo. App. W.D. 2023). However, the Missouri Supreme Court has also held that "once the original statute of limitation expires and bars the plaintiff's action, the defendant has acquired a vested right to be free from suit, a right that is substantive in nature." *Doe v. Roman Cath. Diocese of Jefferson City*, 862 S.W.2d 338, 341 (Mo. banc 1993).

In *Doe v. Roman Cath. Diocese of Jefferson City*, the Court discussed the difference in applying a limiting period amendment in cases where the statute of limitations had already expired versus those where it was still pending at the time the amendment was made. The Court found that, *until the time set by the original statute of limitations expires, a defendant has no vested rights to the original statute of limitation* because the requisite time period has not yet run. *Id.* (citing *Longhibler v. State*, 832 S.W.2d 908 (Mo. banc 1992) (finding that the procedural bar of the statute of limitations was never applicable to movant because the limitations period was extended before it lapsed, and as such did not affect the underlying substantive offenses, but

---

[4] "A law is 'retroactive' in its operation when it looks or acts backward from its effective date and is retrospective if it has the same effect as to past transactions or considerations as to future ones." *State v. Thomaston*, 726 S.W.2d 448, 459–60 (Mo. App. W.D. 1987) (internal quotations omitted).

> Our state constitution prohibits the enactment of *ex post facto* laws applicable to criminal proceedings and to retrospective laws applicable to civil proceedings. On the civil side of legal proceedings, there is no prohibition against the passage of laws which might be retroactive but not retrospective. The distinguishing feature, of course, which has been developed in our law is that when a law makes only a procedural change, it is not retrospective and hence can be applied retroactively. This distinction has been made clear in the declaration which states, "The constitutional inhibition against laws retrospective in operation ... does not mean that no statute relating to past transactions can be constitutionally passed, but rather, that none can be allowed to operate retrospectively so as to affect such past transactions to the substantial prejudice of parties interested."

*Id.* (citing *Fisher v. Reorganized Sch. Dist. No. R–V of Grundy County*, 567 S.W.2d 647, 649 (Mo. banc 1978); *Willhite v. Rathburn*, 61 S.W.2d 708, 711 (1933)). "To state the principle in the present vernacular, a law is retrospective and thus not retroactive if it affects the substantive or vested rights of a party and by contrast if a law is procedural only and does not affect the substantive rights of a party it is retroactive but not retrospective." *Id.*

merely extended the period in which the state could initiate prosecution; thus, the new statute of limitations constituted "existing law" under which the proceedings had to be conducted); *State v. Casaretto*, 818 S.W.2d 313 (Mo. App. E.D. 1991) (holding that a new 10 year statute of limitations applied retroactively to offenses involving child sexual abuse committed within the three-year period prior to its enactment, because the original three-year period had not expired on such offenses at the time the new 10 year statute of limitations was enacted, thereby properly extending the limitations period before it lapsed)). Thus, an amendment to a limiting period enacted prior to the expiration of the original period may be applied retroactively, since it does not affect material rights.

While both parties cite to *Beck* in their arguments, the parties differ on its application here. In *Beck*, the parties dissolved their marriage in 1988 and the appellant was granted 12.5% of any net profits the respondent received from the stock options he owned. *Beck*, 165 S.W.3d at 157. In December 2001, the appellant filed a motion to enforce her rights to portions of the payment the respondent received in July of that year. *Id.* The trial court found that the appellant's claim was barred by the statutory presumption within Section 516.350 that money judgments are presumed paid after the expiration of 10 years from the date of entry of the original judgment. *Id.* at 157-58. On appeal, the appellant argued that the trial court failed to apply the 2001 amendment to the statute, which created an exception for periodic payments of employee benefits, in which the payments were presumed paid within 10 years of the *date the payment was due*. *Id.* at 159. The amendment contained language specifically applying it to all such judgments that were not yet presumed paid as of August 2001. *Id.* However, the Court determined that a presumption of payment had already attached in 1998, 10 years after the date of entry of the dissolution judgment and three years before the amendment went into effect, thereby barring a

6

retroactive application of the amendment because the respondent obtained a substantive, vested right to be free from suit when the limiting period expired in 1998. *Id*. at 159-60 (citing *Doe*, 862 S.W.2d at 341). While acknowledging the nature of the stock option payments as the type of periodic and future payments contemplated in the amendment, the Court explained that, at the time the statutory presumption of payment attached in 1998, no such exception applied so as to toll the limiting period. *Id*.

While *Beck* is informative for its analysis of the retroactive application of the 2001 amendment to Section 516.350, a difference in the legal question posed distinguishes *Beck* from the case now before us. The legal question before the Court in *Beck* was whether the amendment could apply retroactively once the statute of limitations had already run, whereas the question here is whether the amendment could apply retroactively when the statute of limitations had not yet run. In *Beck*, the original 10-year statute of limitations had already expired in 1998—three years prior to enactment of the 2001 amendment—thereby granting the husband a substantive right as of 1998 to be free from further litigation. However, here, the amendment went into effect only a year after the judgment had been entered and thus *nine years before the original statute of limitations was to expire and before any presumption of payment had attached.* Simply put, as of 2001, Respondent had no substantive right to be free from further litigation, making any amendment at that time procedural rather than substantive. *See Doe*, 862 S.W.2d at 341.

Moreover, rather than imposing a new duty on Respondent that would affect his substantive rights, the amendment as a whole "merely substitutes a new or more appropriate remedy for the enforcement of an existing right," namely, Appellant's right to enforce payment of future and periodic payments under the dissolution judgment. *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 770 (Mo. banc 2007). Indeed, the amendment as written

7

contemplates and provides a more judicious tolling on the limiting period to future periodic payments prescribed by dissolution judgments that would not always be reasonably limited to only 10 years post-judgment. The SRA Benefits at issue here are exactly such payments contemplated by the statute, as Respondent only started receiving the benefit payments sometime after the dissolution judgment, and they continued well past 10 years post-judgment. "To the extent [the amendment] simply prescribes a method of enforcing rights or obtaining redress for their invasion, it is procedural and can be applied retrospectively." *Id*. (citing *Wilkes v. Missouri Highway and Transp. Comm'n*, 762 S.W.2d 27, 28 (Mo. banc 1988)).

Furthermore, the express language of subsection 3 of 516.350 reflects clear legislative intent to apply the new tolling exceptions retroactively, as the language explicitly states that the subsection is to apply to "all such judgments, orders, or decrees which *have not been presumed paid* pursuant to subsection 1 of this section as of August 28, 2001." Section 516.350.3 (2001) (emphasis added). While legislative intent to apply a law retroactively cannot supersede the constitutional prohibition on retrospective laws, a procedural change is not retrospective, as it does not affect substantive rights, and hence can be applied retroactively without offending the Missouri Constitution. *Doe*, 862 S.W.2d at 341.

Therefore, having determined that that amendment was retroactively applicable here, as no substantive right had yet vested, we next consider whether the amendment to subsection 3 expanding the types of periodic payments which fall under the exception includes the payment in dispute here. Contrary to Appellant's argument in her first point, the payments of Appellant's share from the SRA Benefits are such periodic future payments contemplated by the amendment, as noted by the legislature's intentional recognition and explicit inclusion of such "other employee benefits in connection with dissolution of marriage." Section 516.350.3.

Thus, Appellant's claim is not barred by the statute of limitations because the SRA Benefits payments constituted periodic future payments of employee benefits recognized by the amendment to Section 516.350.3 (2001), which was retroactively applied to the parties' June 2000 dissolution judgment. Accordingly, we hold that the statute of limitations attached to the 2022 payment of Appellant's share from the SRA Benefits has not expired, and Appellant's claim is suitable for adjudication.

## Conclusion

For the reasons set forth above, the judgment is reversed and remanded to the circuit court for further proceedings consistent with this opinion.

_____
Renée D. Hardin-Tammons, J.

Kurt S. Odenwald, P.J., and
Michael E. Gardner, J., concur.

9