

# In the Missouri Court of Appeals
## Eastern District

<u>DIVISION THREE</u>

| | | |
|---|---|---|
| AMY R. WINGET | ) | No. ED112242 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | Cause No. 22SL-CC04459 |
| | ) | |
| K&S ASSOCIATES, INC., | ) | Honorable John N. Borbonus |
| DICKINSON HUSSMAN | ) | |
| ARCHITECTS, P.C., | ) | |
| INSIDE/OUT ARCHITECTURE, INC., | ) | |
| and HORNER & SHIFRIN, INC., | ) | |
| | ) | |
| Respondents. | ) | Filed: August 20, 2024 |

**Introduction**

Appellant Amy Winget appeals the trial court's judgment granting the respective motions to dismiss of Respondents K&S Associates and Horner & Shifrin. Appellant argues that the trial court erred by misapplying the applicable statute of repose, statute of limitations, and savings statute to Appellant's petition alleging personal injury claims. Appellant further argues that the trial court erred in dismissing her petition for failure to prosecute. We affirm the judgment of the trial court.

**Background**

Appellant filed her initial petition against Respondents on July 31, 2017, alleging negligence and negligence *per se* related to injuries Appellant discovered in February 2014

which she claimed were sustained as a result of the negligent design and construction of chemical storage facilities at her place of employment. Appellant filed a Notice of Voluntary Dismissal pursuant to Rule 62.07 on September 27, 2021. The trial court subsequently entered an order of dismissal a few weeks later on October 20, 2021.

On October 17, 2022, Appellant refiled her case. While the trial court initially issued summons for Respondent Horner & Shifrin, the summons was never served. The trial court further denied Appellant's request for summons to be served upon Respondents K&S Associates, Dickinson Hussman, and Inside/Out Architecture due to Appellant's failure to pay the $108 fee or to file a special process server form.

On August 24, 2023, Respondent Horner & Shifrin filed a motion to dismiss and a motion to stay action and secure costs related to the voluntary dismissal of the original suit. In their motion to dismiss, Respondent Horner & Shifrin alleged that Appellant's claim was barred by the applicable statute of repose, statute of limitations, savings statute, and for failure to prosecute. On October 20, 2023, Respondent K&S Associates also filed a motion to dismiss, or in the alternative to stay the action and order costs, asserting the same arguments. Failing to state a specific reason for the order, the trial court granted the respective motions and dismissed Appellant's petition with prejudice on October 27, 2023. Appellant appeals the judgment of the trial court.

**Standard of Review**

We review *de novo* a trial court's grant of a motion to dismiss. *Copeland v. City of Union*, 534 S.W.3d 298, 301 (Mo. App. E.D. 2017). When the trial court fails to state a basis for its dismissal, we presume the dismissal was based on at least one of the grounds stated in the motion to dismiss. *Id.* We may affirm the trial court's dismissal on any ground before the

2

trial court in the motion to dismiss, even if that ground was not relied upon by the trial court in dismissing the claim. *Id*. When reviewing the dismissal of a petition for failure to state a claim, appellate courts treat the facts contained in the petition as true and construe them liberally in favor of the plaintiffs. *Id*.

**Discussion**

Appellant raises four points on appeal addressing the four arguments made by Respondents in their motions to dismiss, and presumably relied upon by the trial court in granting the motion. In her first point on appeal, Appellant argues that the trial court erred in dismissing her petition pursuant to the applicable statute of repose because Respondents failed to include any supporting evidence in their motions to dismiss proving it had lapsed. In her second and third points, Appellant argues that the trial court further erred when it misapplied the law in determining that her claim was time-barred by the applicable statute of limitations and savings statute, because her original case was filed within five years of her discovery of injury, and she refiled her case within one year of the trial court's dismissal of her original claim. In her final point, Appellant argues that the trial court erred in dismissing her petition for failure to prosecute. Since the trial court failed to state a basis upon which it granted the motion to dismiss, and because our standard of review allows this Court to affirm on any viable ground raised within the motion to dismiss, we address only Points II and III, as they are dispositive.

In Points II and III, Appellant argues that she timely refiled her claims because her original suit was filed within the five-year statute of limitations following the ascertainment of her injury in February 2014 and was then refiled within one year of the voluntary dismissal of the original suit. It is undisputed that Appellant's initial lawsuit was timely filed within the

applicable five-year statute of limitations in Section 516.120.[1] Nevertheless, the statute of limitations on her claims expired in February of 2019, five years after Appellant ascertained her injury, meaning that any refiling after that time would have been possible only pursuant to Section 516.230's one-year savings statute.

Missouri's savings statute affords prospective plaintiffs a one-year grace period within which to commence a new action if their previously filed, timely lawsuit resulted in nonsuit. Section 516.230.[2] Accordingly, Appellant argues that she timely refiled her claim because the savings statute began to run on October 20, 2021, when the trial court entered its order of dismissal, rather than September 27, 2021, when Appellant filed her Notice of Voluntary Dismissal. This proposition, however, runs counter to our case law.

"Missouri courts have unanimously held that the effective date of a voluntary dismissal under Rule 67.02 is the date such dismissal is *filed*, since it may be filed *without order of the court*." *Fuller v. Lynch*, 896 S.W.2d 764, 765 (Mo. App. W.D. 1995) (emphasis in original); *see also Zinke v. Orskog*, 422 S.W.3d 422, 426 (Mo. App. W.D. 2013) ("Missouri courts have uniformly concluded that the time for calculating the running of the savings statute commences upon the filing of a voluntary dismissal authorized by Rule 67.02(a)."); *Kirby v. Gaub*, 75 S.W.3d 916, 918 (Mo. App. S.D. 2002) ("The calculation of the one-year time period under the savings statute commences when the voluntary dismissal or nonsuit is effective, i.e., on the date it is filed."). "Furthermore, any orders entered by the court after such filing by plaintiff are nullities." *Fuller*, 896 S.W.2d at 765. "Once a plaintiff files a voluntary dismissal pursuant

---

[1] Section 516.120 provides that any lawsuit for "injury to the person or rights of another" must be brought within five years of when the petitioner is put on notice of a potentially actionable injury. *Powel v. Chaminade Coll. Preparatory, Inc.*, 197 S.W.3d 576, 582 (Mo. banc 2006), *as modified on denial of reh'g* (Aug. 22, 2006).
[2] All Section References are to Missouri Revised Statutes (2022).

to [Rule 67.02], the trial court loses its jurisdiction as there is nothing before the court upon which to act." *Kirby*, 75 S.W.3d at 917 (citing *State ex rel. Fisher v. McKenzie*, 754 S.W.2d 557, 560 (Mo. banc 1988)).

Accordingly, the savings statute here began to run on September 27, 2021, when Appellant filed her Notice of Voluntary Dismissal. While the trial court entered an order purportedly dismissing the action on October 20, 2021, such order was a nullity, as the suit had already been dismissed by Appellant some three weeks earlier, per Rule 67.02, and the trial court therefore no longer had jurisdiction to act.[3] *Kirby*, 75 S.W.3d at 917. Appellant's refiling of her suit on October 17, 2022, was therefore outside of both the five-year statute of limitations and one-year savings statute. Consequently, Appellant's action is time-barred and is not saved by Section 516.230. The trial court did not err in dismissing Appellant's suit.

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

Renée D. Hardin-Tammons, J.

Philip M. Hess, P.J., and
Gary M. Gaertner, Jr., J., concur

---

[3] Rule 67.02 provides in relevant part:
    (a) Except as provided in Rule 52, a civil action may be dismissed by the plaintiff without order of the court anytime:
        (1) Prior to the swearing of the jury panel for the voir dire examination, or
        (2) In cases tried without a jury, prior to the introduction of evidence at the trial.
    ....
    (c) A voluntary dismissal under Rule 67.02(a) shall be without prejudice unless otherwise specified by the plaintiff. Any other voluntary dismissal shall be without prejudice unless otherwise specified by the court or the parties to the dismissal.